T.C. Memo. 2009-139

UNITED STATES TAX COURT

JUDITH WALTHERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16382-07L.                    Filed June 15, 2009.

Judith Walthers, pro se.

<u>Kaelyn J. Romey</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  This case is before the Court on petitioner's motion to restrain assessment or collection (petitioner's motion) and respondent's motion to dismiss for lack of jurisdiction (respondent's motion).  All section references are to the Internal Revenue Code of 1986, as amended, and all

Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner filed her petition with the Court seeking review of respondent's collection action for 1998, 2001, and 2002 and attaching copies of a Notice of Levy on Wages, Salary, and Other Income for 1997, 1998, 2001, and 2002. In the petition she alleges that she never received a final notice of intent to levy, which would have given her notice of the opportunity to request a hearing under section 6330 before collection action proceeded. The Court filed petitioner's motion concurrently with the petition.

Respondent objected to petitioner's motion and moved to dismiss the petition for lack of jurisdiction on the ground that no notice of determination as authorized by section 6320 or 6330 has been issued nor has respondent made any other determination for the years at issue that would confer jurisdiction on the Court. Respondent argues that the Court cannot acquire jurisdiction to review a proposed lien or levy action unless there is a determination by the Office of Appeals and the taxpayer seeks review of the determination within 30 days thereafter.

Respondent alleges that his computer transcripts, copies of which he has produced, show that a Letter 1058, Final Notice,

Notice of Intent to Levy and Notice of Your Right to a Hearing (notice), was sent to petitioner by certified mail on June 27, 2006, relating to tax years 1998, 2001, and 2002. According to respondent's records, the notice was "refused/unclaimed". Respondent was unable to produce either a copy of the final notice of intent to levy or a certified mailing list for the notice.

## Discussion

## Jurisdiction

The Tax Court is a court of limited jurisdiction and may exercise that jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). As respondent has pointed out, the jurisdiction of the Court under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review. See Orum v. Commissioner, 123 T.C. 1 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b). Therefore, in the absence of a notice of determination, this Court lacks jurisdiction.

Respondent did not issue a notice of determination in respect of petitioner's outstanding tax liabilities for 1998, 2001, and 2002 because petitioner did not request a hearing under

section 6330.  The Commissioner, however, must first issue a final notice of intent to levy and send it to the taxpayer at the taxpayer's last known address before a hearing is held and the notice of determination is issued.  Sec. 6330(a)(2)(C).  The Court does not have jurisdiction to hear petitioner's case, and the only issue to be decided is the proper basis for dismissal.

Respondent argues that the Court lacks jurisdiction because petitioner failed to request a hearing under section 6330; dismissal on this ground would allow respondent to levy upon petitioner's property to satisfy her Federal tax liabilities.  Petitioner argues that she never received a valid final notice of intent to levy; dismissal on that ground would in effect invalidate the notice of levy.  See Kennedy v. Commissioner, 116 T.C. 255, 261 (2001); Buffano v. Commissioner, T.C. Memo. 2007-32.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by way of a levy upon the person's property.  Section 6331(d) requires the Secretary, at least 30 days before proceeding with enforced collection by way of a levy on a person's property, to provide the person with a final notice of intent to levy, including notice of the administrative appeals available.  See sec. 6330; Davis v. Commissioner, 115 T.C. 35, 37

(2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 179 (2000).  The notice of intent to levy must be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail to the person's last known address. Secs. 6330(a)(2), 6331(d)(2); secs. 301.6330-1(a)(3), Q&A-8, 301.6331-2(a)(1), Proced. & Admin. Regs.

The notice is valid if it is mailed to the taxpayer's last known address even if it is not received or accepted by the taxpayer.  See <u>Williams v. Commissioner</u>, 935 F.2d 1066, 1067 (9th Cir. 1991), affg. T.C. Memo. 1989-439; <u>United States v. Zolla</u>, 724 F.2d 808, 810 (9th Cir. 1984); <u>Stein v. Commissioner</u>, T.C. Memo. 2004-124.  All that remains is for respondent to show that he mailed the notice to petitioner's last known address.

The Court has held that compliance with U.S. Postal Service Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner and is sufficient, absent evidence to the contrary, to establish that the notice was properly mailed.  <u>Coleman v. Commissioner</u>, 94 T.C. 82, 90-91 (1990); see also <u>United States v. Zolla</u>, <u>supra</u> at 810.  However, respondent "was unsuccessful in his attempt to locate" the U.S.P.S. Form 3877.  Respondent instead offers as evidence of mailing copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 1998, 2001, and 2002,

that indicate the date of the mailing of the notice and that it was "refused/unclaimed".

Respondent, however, must prove by "direct" evidence the date and fact of mailing the notice to the taxpayer. Coleman v. Commissioner, supra at 90; Magazine v. Commissioner, 89 T.C. 321, 326-327 (1987). The Commissioner's presentation of a date-stamped copy of the notice and a file memorandum by an Appeals officer noting that the notice was returned undeliverable has been held to be insufficient to prove statutory certified mailing requirements. United States v. Wright, 658 F. Supp. 1 (D. Alaska 1986). With the proper foundation, computer records may be evidence of correspondence. Haag v. United States, 485 F.3d 1, 3-4 (1st Cir. 2007); United States v. Hayes, 861 F.2d 1225 (10th Cir. 1988). As has been observed by another court, however, the Form 4340 does not disclose the address to which the letter was sent or that it was sent by certified mail. See Tenpenny v. United States, 490 F. Supp. 2d 852 (N.D. Ohio 2007). Respondent has not shown that he mailed the notice to petitioner's last known address by certified mail.

Restraint of Collection

The authority of the Court to restrain collection in a lien or levy action is found in the last sentence of section 6330(e)(1) "The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely

appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates." Section 6330(e)(1) is predicated upon the Court's having plenary jurisdiction in a lien or levy action before the Court can enjoin any action or proceeding and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates. Lacking any notice of determination, the Court is without jurisdiction to enjoin anything.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered and petitioner's motion will be denied</u>.