T.C. Memo. 2010-119

UNITED STATES TAX COURT

ROBERT ANSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14484-09L.               Filed June 2, 2010.

Robert Anson, pro se.

Shawna A. Early, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GUSTAFSON, Judge:  This case is an appeal by petitioner Robert Anson, pursuant to section 6330(d),[1] asking this Court to restrain the Internal Revenue Service (IRS) from levying to

_____

[1]Except as otherwise noted, all citations of sections refer to the Internal Revenue Code (26 U.S.C.), and all citations of Rules refer to the Tax Court Rules of Practice and Procedure.

collect Mr. Anson's unpaid civil tax penalties for the years 2002 and 2003. The case is currently before the Court on Mr. Anson's "Motion to Restrain Assessment or Collection and to Order Refund of Amount Collected" filed June 15, 2009, and respondent's "Motion to Dismiss for Lack of Jurisdiction" filed July 10, 2009. The principal issue for decision is whether the IRS mailed its notice of levy to Mr. Anson's last-known address, in compliance with section 6330(a)(2)(C). For the reasons explained below, we will deny Mr. Anson's motion and grant respondent's motion.

FINDINGS OF FACT

At the time he filed his petition, Mr. Anson resided in New York.

Mr. Anson's residence and mailing address

As of the beginning of 2008 Mr. Anson resided in an apartment in a complex that included 247 units in 22 buildings. Not all the buildings are visible from the main road. The mailing addresses for all 247 units had the same street and number, and the addresses were differentiated only by an apartment number that consisted of a letter of the alphabet (indicating a building) and a number (indicating a specific apartment).

In early 2008 Mr. Anson was in apartment F-5. Sometime in 2008--we cannot determine the day or even the month--Mr. Anson

moved to apartment P-13, in a different building on the opposite side of the complex.

Notice of Mr. Anson's address

As of early 2008 IRS records reflected the old apartment F-5 address as Mr. Anson's address. Mr. Anson admits that he did not notify the IRS of any change in his address before June 2008.

Mr. Anson alleges instead that on April 1, 2008, he submitted to the U.S. Postal Service (USPS) a Form 3575, "Official Mail Forwarding Change of Address Order", noting the change from apartment F-5 to apartment P-13. However, on the evidence before us we find that he did not submit this form to the USPS.

The IRS levy

In November 2005 the IRS assessed against Mr. Anson income tax and related liabilities totaling $8,850.08 for taxable year 2002. In February 2007 the IRS assessed against Mr. Anson a $500 penalty for the year 2002; and in February 2008 the IRS assessed

against him a penalty of $5,000 for the year 2003.[2]  The

liabilities were unpaid as of April 2008.

On April 17, 2008, the IRS sent to Mr. Anson by certified

mail at the apartment F-5 address a Letter 1058, "Final Notice /

Notice of Intent to Levy and Notice of Your Right to a Hearing".

The notice of intent to levy listed the liabilities for 2002

taxes and 2002 and 2003 penalties; it advised Mr. Anson of his

right to request a hearing "within 30 days" (i.e., by May 17,

2008); and it enclosed the Form 12153, "Request for a Collection

Due Process or Equivalent Hearing", on which he could do so.

On May 6, 2008, the USPS returned the notice of intent to

levy to the IRS, and the envelope indicates it was returned as

"unclaimed/refused" after notices had been left for the addressee

on April 18 and 26, 2008.  Because Mr. Anson did not request a

collection due process (CDP) hearing, the IRS did not issue a

notice of determination pursuant to section 6330(c)(3) but

instead proceeded to levy against Mr. Anson to satisfy the

liabilities.  On June 1, 2009, the IRS issued to M & T Bank a

---

[2]The penalties for both 2002 and 2003 were assessed pursuant to section 6702(a), which imposes a penalty for filing a frivolous tax return.  Section 6702 was amended by the Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. A, sec. 407(a), 120 Stat. 2960, by which the penalty increased from $500 to $5,000.  The filing dates of Mr. Anson's 2002 and 2003 returns presumably straddled the effective date of the amendment. Mr. Anson's 2003 income tax liability was not assessed until March 2009 (i.e., more than a year after the 2003 penalty assessment in February 2008) and was therefore not included in the April 2008 levy notice at issue here.

Form 688-A, "Notice of Levy", directing the bank to surrender funds from Mr. Anson's accounts to pay the 2002 and 2003 penalties, and it sent a copy of the notice to Mr. Anson at the new apartment P-13 address.[3]

Tax Court proceedings

Mr. Anson received his copy of the notice of levy to M & T Bank, and on June 15, 2009, he filed his petition commencing this case. He attached to the petition a copy of the notice issued to M & T Bank and alleged that "Respondent has failed to mail to Petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing as Required by IRC Section 6330(a) before issuing these levies". With his petition, Mr. Anson filed a "Motion to Restrain Assessment or Collection and to Order Refund of Amount Collected", arguing that he had been deprived of his right to a CDP hearing and that the IRS should be ordered to withdraw the notice of levy and to refund any amounts it had obtained pursuant to levy.

---

[3]The record does not show exactly how the IRS had become aware of the new apartment P-13 address by June 1, 2009 (more than a year after it issued the April 2008 notice of levy). On April 29 and May 8, 2008, the IRS issued to Mr. Anson two notices of Federal tax lien and mailed them to the old apartment F-5 address. In response Mr. Anson submitted to the IRS in June 2008 a Form 12153 requesting a CDP hearing, and on that form he used the new apartment P-13 address. Mr. Anson has stipulated that it was by this Form 12153 that "[r]espondent was first notified indirectly in writing" of his change to the new apartment P-13 address.

Respondent opposed the motion and filed his own "Motion to Dismiss for Lack of Jurisdiction", in which he asserted that the IRS had issued to Mr. Anson a final notice of intent to levy. Respondent attached to his opposition the notice dated April 17, 2008. Mr. Anson then opposed respondent's motion with his allegation that the notice had been sent to the wrong address and that he had given the USPS a notice of change of address on April 1, 2008.

The Court ordered an evidentiary hearing on the parties' cross-motions. The hearing took place in New York City on January 11, 2010. The parties submitted a stipulation, and Mr. Anson testified and offered additional documentary evidence.

OPINION

## I. Collection review procedure

When a taxpayer fails to pay any Federal tax liability within 10 days of notice and demand, the IRS may collect the unpaid tax by levy on the taxpayer's property, pursuant to section 6331. However, before the IRS may proceed with that levy, the taxpayer is entitled to administrative and judicial review. Section 6330(a)(1) provides:

> No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.
> * * *

The manner in which that notice is to be delivered to the taxpayer is set out in section 6330(a)(2), which provides:

> The notice required under paragraph (1) shall be--
>
> > (A) given in person;
> >
> > (B) left at the dwelling or usual place of business of such person; or
> >
> > (C) sent by certified or registered mail, return receipt requested, <u>to such person's last known address</u>;
>
> not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period.  [Emphasis added.]

The regulations provide that in general "a taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the Internal Revenue Service (IRS) is given clear and concise notification of a different address."  26 C.F.R. sec. 301.6212-2(a), Proced. & Admin. Regs.  This definition applies to levy notices.  See <u>id.</u> sec. 301.6212-2(c).

If in response to such a notice the taxpayer makes a timely request for a CDP hearing, then administrative review is carried out by way of a hearing before the Office of Appeals under section 6330(b) and (c), which culminates in the issuance of a "determination by an appeals officer".  Sec. 6330(c)(3).  If the taxpayer is dissatisfied with that determination, he can appeal that determination to the Tax Court under section 6330(d).

II.  Tax Court jurisdiction

    A.   CDP appeals

Jurisdiction to review a proposed levy in a CDP appeal is conferred on the Tax Court by section 6330(d) only when a taxpayer "appeal[s] such determination".  (Emphasis added.)  That is, for the Tax Court to have jurisdiction under section 6330(d), the Office of Appeals must first issue a determination under section 6330(c)(3); for Appeals to issue a determination, the taxpayer must first timely request a CDP hearing under section 6330(b)(1); and for the taxpayer to timely request a CDP hearing, the IRS must first issue a final notice of intent to levy under section 6330(a).  Any failure in that chain ordinarily deprives the Tax Court of CDP jurisdiction.

In particular, if the IRS fails to issue a valid final notice of intent to levy (as Mr. Anson contends happened here), then there can be no CDP hearing and no determination, and the Tax Court lacks jurisdiction.  See Buffano v. Commissioner, T.C. Memo. 2007-32 (a final notice of intent to levy not sent to the last known address is invalid and requires dismissal for lack of jurisdiction).  Or if the IRS does issue a valid final notice but the taxpayer fails to timely request a CDP hearing (as the IRS contends happened here), then there can be no CDP hearing and no determination, and the Tax Court lacks jurisdiction.  See Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

Thus, the parties' competing contentions yield the same conclusion, i.e., that the Court lacks jurisdiction, but for different reasons--and with different results:  If we lack jurisdiction (and dismiss the petition) because the IRS failed to issue a valid final notice (as Mr. Anson contends), then the IRS cannot proceed with collection on the basis of that notice.  But if we lack jurisdiction (and dismiss the petition) because the taxpayer failed to timely request a hearing (after the IRS gave due notice of his right to a hearing, as the IRS contends), then the dismissal is no impediment to the IRS's proceeding with the collection action that the taxpayer failed to timely challenge.

B.  Enjoining collection action

Mr. Anson asks us to enjoin the IRS's further collection by levy, because, he contends, he has been deprived of the CDP hearing that should have preceded any levy.  Although section 7421(a)--the Anti-Injunction Act--provides generally that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person," the CDP provisions do include an exception to that general rule:  Section 6330(e)(1) provides that--

> if a hearing is requested under subsection (a)(3)(B),
> the levy actions which are the subject of the requested
> hearing * * * shall be suspended for the period during
> which such hearing, and appeals therein, are pending.
> * * *  Notwithstanding the provisions of section
> 7421(a) [the Anti-Injunction Act], the beginning of a
> levy or proceeding during the time the suspension under
> this paragraph is in force may be enjoined by a

> proceeding in the proper court, including the Tax
> Court.  The Tax Court shall have no jurisdiction under
> this paragraph to enjoin any action or proceeding
> <u>unless a timely appeal has been filed under subsection
> (d)(1)</u> and then only in respect of the unpaid tax or
> proposed levy to which the determination being appealed
> relates.  [Emphasis added.]

As the underscored language indicates, however, the exception is limited to circumstances in which the taxpayer requested "a hearing * * * under subsection (a)(3)(B)" (i.e., "during the 30-day period" after the final notice of intent to levy), and the Tax Court has no jurisdiction unless the taxpayer filed "a timely appeal * * * under subsection (d)(1)" (i.e., "within 30 days of a determination").  That motion will therefore be denied.

III. <u>The validity of the final notice</u>

Section 6330(a)(2)(C) requires in pertinent part that a final notice of levy be sent to the taxpayer's "last known address".  The parties have stipulated that, before April 2008, Mr. Anson's last known address was the old apartment F-5 address.  Therefore, unless something occurred to change Mr. Anson's last known address, the final notice of levy was sent to the correct address and was valid, and this case must be dismissed on the grounds that, because he failed to timely request a hearing, there is no determination conferring jurisdiction on this Court (and the IRS may proceed with collection).  Mr. Anson contends that he took action that changed his last known address, and as

the petitioner he bears the burden of proof on this contention. See Rule 142(a)(1).

In particular, Mr. Anson alleges that on April 1, 2008, he submitted to the U.S. Postal Service a change-of-address notice and that the IRS thereby received notice of the change. To make this argument, he invokes a section of the regulations that provides:

> The IRS will update taxpayer addresses maintained in IRS records by referring to data accumulated and maintained in the United States Postal Service (USPS) National Change of Address database that retains change of address information for thirty-six months (NCOA database). Except as provided in paragraph (b)(2)(ii) of this section, if the taxpayer's name and last known address in IRS records match the taxpayer's name and old mailing address contained in the NCOA database, the new address in the NCOA database is the taxpayer's last known address, unless the IRS is given clear and concise notification of a different address. [26 C.F.R. sec. 301.6212-2(b)(2)(i), Proced. & Admin. Regs.]

For purposes of respondent's motion, we assume arguendo that a postal change-of-address notice submitted to the USPS on April 1, 2008, could and should have been processed by the USPS, obtained by the IRS, and incorporated into the IRS's records in time to have been used for a final notice of levy issued sixteen days later on April 17, 2008.[4] However, we have found that Mr. Anson

---

[4]This assumption is problematic. See Graham v. Commissioner, T.C. Memo. 2008-129 ("The Treasury Decision accompanying this regulation explains that the IRS will receive weekly updates of the NCOA database and will update its copy of the full NCOA database with the most recent changes of address in the weekly update. T.D. 8939, 2001-1 C.B. 899. However, there
(continued...)

did not submit a change-of-address notice to the USPS as he alleged, because the evidence does not support and in some respects contradicts this allegation:

- The copy of the notice of change of address that Mr. Anson offered into evidence bears no acknowledgment of receipt or processing by the USPS, and the USPS has no record of the alleged change of address.

- The USPS did not forward the final notice of levy to Mr. Anson's new apartment P-13 address.

- On June 20, 2008--more than two months after the supposed change of address--Mr. Anson signed a petition in another Tax Court case (docket No. 15651-08L) on which he gave the old apartment F-5 address. He continued to use that address in that case until August 2008.

- In one of his submissions in this case, Mr. Anson stated: "In the month of April of 2008, Petitioner was in the process of moving" (emphasis added) from apartment F-5 to apartment P-13. This description is not consistent with a change of address effected as of April 1, 2008, and suggests that Mr. Anson should have

---

[4](...continued)
may be a delay of up to 2 or 3 weeks from the date a taxpayer notifies the USPS that his or her change of address is effective and the time the new address is posted to the IRS's automated master file. Id.").

been aware of the two USPS certified mail notices left April 18 and 26, 2008.

It appears that Mr. Anson's move to apartment P-13 was not completed by April 1, 2008 (and perhaps not for some months thereafter), and we find that he did not give a change-of-address notice to the USPS at that time.

Consequently, the IRS's use of the old apartment F-5 address on the final notice of levy was proper, Mr. Anson failed to timely request a CDP hearing, and no determination ever issued that would give us jurisdiction to entertain Mr. Anson's appeal.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.