In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 15-2242

KERRY ADOLPHSON,

*Petitioner-Appellant,*

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

---

Petition for Review of an Order of the United States Tax Court.
No. 21816-14L — **Lewis R. Carluzzo**, *Special Trial Judge.*

---

ARGUED APRIL 27, 2016 — DECIDED NOVEMBER 18, 2016

---

Before FLAUM, MANION, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* This is a difficult tax case made more so by the refusal of the Commissioner of Internal Revenue to engage the taxpayer's arguments or the tax court's decision. Kerry Adolphson, who has failed to file a tax return since at least 2002, challenges levies used by the IRS to collect his unpaid taxes. The tax court dismissed his petition for lack of subject-matter jurisdiction because Adolphson had not challenged the levies administratively, *see* 26 U.S.C.

§ 6330(d), and, therefore, lacked the requisite notice of determination from the IRS Office of Appeals.

Adolphson contends that because the IRS prevented him from obtaining a notice of determination by failing to properly notify him of its intent to levy, the tax court should have declared the levies invalid. To support his argument, Adolphson relies on a line of cases where the tax court accepted this argument and invalidated levies despite the fact that absent a notice of determination, the tax court lacks the statutory authority to hear a taxpayer's claim. While we agree with Adolphson that his case is indistinguishable from this line of tax court precedent, we affirm the judgment dismissing Adolphson's petition because we find that those decisions are unsound and reflect an improper extension of the tax court's jurisdiction.

## I. BACKGROUND

The IRS's authority to levy a taxpayer's property is governed by 26 U.S.C. § 6330, which states that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made." *Id.* § 6330(a)(1). This "Final Notice of Intent to Levy" may be given in person, left at the taxpayer's home or place of business, or sent by certified mail to the person's last known address. *Id.* § 6330(a)(2). After issuance, the taxpayer has 30 days to request a "collection due process hearing" ("CDP hearing") with the Office of Appeals, at which the person may challenge both the levy activities and the underlying tax debt, if there has not previously been an opportunity to do so. *Id.* § 6330(b),(c). After the hearing, the Office of Appeals issues a notice of its determination, which authoriz-

es a dissatisfied taxpayer to petition the tax court for review within 30 days. *Id.* § 6330(d). We have held that the tax court lacks subject-matter jurisdiction to review IRS collection activities unless the aggrieved taxpayer has obtained a notice of determination. *See Gray v. Comm'r*, 723 F.3d 790, 792–93 (7th Cir. 2013); *Cleveland v. Comm'r*, 600 F.3d 739, 741 (7th Cir. 2010).

In 2014, the IRS set out to collect $244,464 in unpaid taxes and penalties assessed against Adolphson for tax years 2002 and 2006 through 2010. According to Adolphson, he was unaware of the IRS's collection efforts until May 2014, when the agency levied on his funds held by third parties. Rather than challenge the levies directly with the IRS, Adolphson filed a *pro se* petition in September 2014, asking the tax court to enjoin collection efforts by the IRS and refund amounts already collected through the levies. Adolphson argued that the levies are invalid because the IRS had not mailed him a Final Notice of Intent to Levy as required, and so he was deprived of the right to challenge the liability in a CDP hearing before the IRS Office of Appeals. He relied on several tax court decisions, including *Buffano v. Commissioner*, 93 T.C.M. (CCH) 901 (2007), in which the tax court asserted that it lacked subject-matter jurisdiction without a notice of determination, yet nevertheless invalidated levies after finding that the taxpayer was prevented from requesting a CDP hearing by the IRS's failure to mail a Final Notice of Intent to Levy to the proper address.

The Commissioner initially responded by asserting that the statutorily required notices *had* been "mailed" but said that further investigation was needed to ascertain *where* those notices were sent. The Commissioner never provided

an answer to that question, however, and instead moved to dismiss Adolphson's petition. The Commissioner argued that the tax court lacked subject-matter jurisdiction under 26 U.S.C. § 6330(d), because Adolphson had not requested a CDP hearing. Absent a CDP hearing, Adolphson could not have received a notice of determination from the IRS Office of Appeals. The Commissioner maintained that without a notice of determination, the tax court had no power to review the levies or to determine whether the IRS had issued them properly. In his motion, the Commissioner did not acknowledge *Buffano* or the other decisions in which the tax court had invalidated levies—notwithstanding the absence of a notice of determination—based on the same argument Adolphson advanced.

Despite contending that the tax court lacked jurisdiction, however, the Commissioner responded to Adolphson's challenge on the merits. The Commissioner noted that Final Notices of Intent had been issued on March 11, 2010 and January 16, 2014. While IRS records indicated that Adolphson's address had been updated in 2006, and then again in 2014, the Commissioner was unable to say "with certainty" whether the Final Notices of Intent were sent to the proper addresses. Although the Commissioner conceded that the Notices of Intent to Levy were invalid if mailed to the improper address, which would mean that the levies must be reversed, the Commissioner once more reiterated that absent a CDP letter, the Court lacked jurisdiction over the collection matter pursuant to Section 6330(d)(1).

The only supporting documents that the Commissioner provided were unauthenticated copies of Adolphson's transcripts of account for the years at issue and an unauthenti-

cated computer printout listing dates on which his address of record had been changed in the IRS system. These exhibits corroborate the Commissioner's account of *when* the Final Notices of Intent to Levy were issued but, as acknowledged by the Commissioner, the documents do not show *where* any of the notices were mailed. Indeed, these computerized records are not even adequate to establish a use of the mail, since they only state that the Final Notices of Intent to Levy were "issued" (one in 2010, pertaining to tax year 2002, and a second in 2014, for tax years 2006 through 2010). A post office box in Iowa is given as Adolphson's address on each transcript of account (all of which were generated by the IRS from its database after Adolphson had petitioned the tax court in September 2014). The 2002 transcript also shows that the Final Notice of Intent to Levy for that year, issued in 2010, was returned as "undeliverable."

While Adolphson conceded that he lacked a notice of determination, he urged the tax court to apply *Buffano* and invalidate the levies because the IRS had prevented him from requesting a CDP hearing by failing to send him a Final Notice of Intent to Levy for any of the relevant tax years. He further argued that although the Commissioner's exhibits listed an Iowa address, his "address for the last 5 years has and always has been" in Illinois.

At that point the Commissioner conceded that the IRS could not establish through its records where the agency had sent either of the Final Notices of Intent to Levy. The Commissioner speculated, though, that the Iowa address on the transcripts of account is "the most likely address to which these notices were sent." As before, the Commissioner did not acknowledge—much less try to distinguish—the tax

court decisions relied upon by Adolphson, instead faulting him for the agency's floundering while continuing to insist that the tax court lacked subject-matter jurisdiction to invalidate the levies. Nor did the Commissioner submit additional evidence, instead relying upon the assertion that IRS "records reflect that Notice was mailed," which misrepresents the strength of the agency's evidence, since (with the possible exception of the 2010 notice that was returned "undeliverable") those records reflect nothing more than dates of issuance.

Adolphson then produced a letter he "ha[d] recently come across," which the IRS sent in November 2012 to the Illinois address where he claimed to have resided for more than five years. This letter, he argued, proves that the IRS was aware of his Illinois address for more than a year before issuing (and apparently mailing to Iowa) the Final Notice of Intent to Levy for tax years 2006 through 2010. Adolphson pointed out explicitly that the Commissioner still had not acknowledged *Buffano* and other decisions in which the tax court had invalidated levies where the IRS could not prove proper mailing.

The tax court granted the Commissioner's motion to dismiss, reasoning that it lacked the authority to grant relief under § 6330(d) without a notice of determination. The tax court acknowledged the IRS's inability to show where it had mailed the Final Notices of Intent to Levy, but distinguished *Buffano* with the explanation that Adolphson—*the taxpayer*—had failed to establish where the notices should have been mailed.

## II. ANALYSIS

We review *de novo* the tax court's dismissal of a petition for a lack of jurisdiction. *Estate of Kunze v. C.I.R.*, 233 F.3d 948, 950 (7th Cir. 2000). Although we find that this case is indistinguishable from the *Buffano* line of cases, because we find that those cases were decided in error, we will affirm the tax court's dismissal of Adolphson's petition for lack of jurisdiction.

### A. The Improperly Authenticated Transcripts of Account Do Not Affect the Outcome of Adolphson's Appeal

In this court, Adolphson principally argues that the transcripts of account attached to the Commissioner's motion to dismiss were not admissible or, at the very least, not properly authenticated. Adolphson is correct that the Federal Rules of Evidence apply in the tax court, *see* 26 U.S.C. § 7453, and though transcripts of account are admissible if properly authenticated, these were not. *See United States v. Ryan*, 969 F.2d 238, 239 (7th Cir. 1992). That said, Adolphson's argument is a distraction; he treated the transcripts as valid before the tax court and, more importantly, the tax court's decision does not turn on their content.

### B. Under the Reasoning of *Buffano*, the Tax Court Should Have Invalidated the Levies

The significant issue in this appeal is the one that Adolphson has been pressing since the beginning: the tax court should have invalidated the IRS's levies under *Buffano*. We agree that this case is indistinguishable from *Buffano*.

In *Buffano*, the IRS mailed a Final Notice of Intent to Levy to the address listed on the taxpayer's most recently filed tax

return (an address where the taxpayer no longer lived). On the same day, though, the IRS also mailed two unrelated letters to the taxpayer's current address, which the agency had obtained through a Postal Service database. The IRS's letters did not mention collection activity, and when the taxpayer learned later that the agency had levied on his wages, he promptly requested a CDP hearing. The IRS refused to conduct a CDP hearing because the agency had received the taxpayer's request more than 30 days after issuance of the Final Notice of Intent to Levy. The taxpayer nevertheless petitioned the tax court for review, and the Commissioner moved to dismiss for lack of subject-matter jurisdiction, citing the absence of a notice of determination. *Buffano*, 93 T.C.M. (CCH) 901, at *2–3. The tax court denied the Commissioner's motion to dismiss, yet still entered an order dismissing for lack of jurisdiction—but only after invalidating the levies based on a finding that the IRS had mailed the final notice to the wrong address. The tax court reasoned that the taxpayer's current address, which the IRS had obtained from the Postal Service database and used in the two letters sent to him, had superseded, for purposes of his "last known address," the one listed on his most recently filed tax return. *Id.* at *4–5.

This analysis—dismissing the taxpayer's petition for lack of jurisdiction while still granting the very relief he seeks—is illogical, but *Buffano* is not an outlier. That 2007 decision has been relied upon to invalidate levies in situations analogous to Adolphson's at least seven times in published decisions (and we cannot be sure that there are not even more, unpublished instances). *See Minemeyer v. Comm'r*, 104 T.C.M. (CCH) 616, at *4 (2012); *Roberts v. Comm'r*, T.C. Summ. Op. No. 7222-09S, at *3 (2010); *Space v. Comm'r*, 98 T.C.M. (CCH)

328, at *2–4 (2009); *Kennedy v. Comm'r*, 95 T.C.M. (CCH) 1121, at *3 (2008); *Graham v. Comm'r*, 95 T.C.M. (CCH) 1504, at *5 (2008); *Downing v. Comm'r*, 94 T.C.M. (CCH) 319, at *8 (2007); *Schwengel v. Comm'r*, No. 13979-06L (T.C. Nov. 20, 2007).

In other decisions, the tax court has relied on *Buffano* but sided with the Commissioner, dismissing petitions for lack of jurisdiction because the required notices *had* been properly mailed and the petitions were, therefore, untimely. *See, e.g.*, *Anson v. Comm'r*, 99 T.C.M. (CCH) 1504, at *4 (2010). To further complicate matters, the tax court has been inconsistent; for example, in *Walthers v. Commissioner*, 97 T.C.M. (CCH) 1793, at *2–3 (2009), it cited *Buffano* in concluding that the IRS had failed to properly mail notice to the taxpayer, but still refused to enjoin collection of the (invalid) levies, citing the absence of a notice of determination.

## C. *Buffano* Improperly Expanded the Scope of the Tax Court's Jurisdiction in the Absence of a Notice of Determination

The outcome of this case, therefore, turns on the validity of the *Buffano* line of cases. If the tax court has the power under § 6330 to evaluate the sufficiency of the IRS's collection activities and invalidate levies where the agency fails to properly mail notice, then Adolphson should have prevailed. Direct evidence is required when the IRS must prove that it properly mailed notice, and a computer printout listing a mailing date but without an address will not suffice. *Walthers*, 97 T.C.M. (CCH) 1793, at *2. Here, the Commissioner cannot even say with certainty to what address Adolphson's notice was mailed, much less prove that it was sent by *certified* mail to his "last known address." And the tax court's ground for distinguishing *Buffano* is untenable;

the court rejected the petition due to "the paucity of information," Adolphson's failure to state what address was shown on his last tax return, and because, the court reasoned, the address shown on the 2012 letter is "hardly determinative as to his 'last known address' for purposes of section 6330." This reasoning improperly shifts the burden to *Adolphson* to prove that the IRS met its own statutory duty to notify him before levying his assets. It strikes us as nonsensical to fault the taxpayer for not establishing where the IRS *should have* mailed notice if the agency concedes, as it did here, that it cannot say if notice was mailed to New York or Los Angeles or somewhere in between.

Moreover, this question of burden-shifting aside, Adolphson's contention that the IRS should have used his Illinois address has merit. In the tax court, the agency asserted that twice it had updated Adolphson's address using the Postal Service database—presumably to his Illinois address, where the 2012 letter was mailed—yet the agency conceded that it "most likely" sent the Final Notices of Intent to Levy to Iowa. *See Gyorgy v. Comm'r*, 779 F.3d 466, 475–76 (7th Cir. 2015) (noting that treasury regulations treat an updated address in the Postal Service database as "clear and concise notification" of taxpayer's address); *McPartlin v. Comm'r*, 653 F.2d 1185, 1191 (7th Cir. 1981) (explaining that notice sent by certified mail will be deemed insufficient if Commissioner cannot produce return receipt); *Pyo v. Comm'r*, 83 T.C. 626, 636–37 (1984) (concluding that taxpayers were reasonably entitled to assume, after receiving correspondence from IRS at new address, that future mailings would be sent to same address). In other words, had the tax court followed *Buffano* and required the Commissioner to prove proper mailing, the

"paucity of information" should have led to a win for Adolphson.

Hearing the Commissioner's views on *Buffano* would have been enlightening, but, unfortunately, the Commissioner's response brief is particularly unhelpful. Indeed, when asked at oral argument if we should invalidate the *Buffano* line of cases, the Commissioner specifically disclaimed any request for us to do so. This reticence is surprising given that it would seem that the IRS has a strong interest in asking us to overturn these decisions. Meanwhile the Commissioner makes *no* attempt to justify the IRS's collection activities in this case and fails even to acknowledge the agency's inability to prove that it sent notice to Adolphson. Instead, the Commissioner insists that Adolphson is relegated either to an administrative claim before the IRS or a refund suit in district court, while maintaining that "whether the IRS mailed a Notice of Intent to Levy to taxpayer's last known address is not relevant in this case." The Commissioner also makes no attempt to defend the tax court's ground for distinguishing *Buffano*, stating only that Adolphson's argument is "misconceived."

But instead of explaining *why* Adolphson's reliance on *Buffano* is "misconceived," the Commissioner simply changes the subject and asserts that Adolphson, proceeding *pro se*, erred by asking the tax court to enjoin further collection efforts and refund money already collected, rather than asking the court to invalidate the levies. Because the tax court had no jurisdiction to issue *injunctions* or order *refunds*, the Commissioner argues, the court lacked jurisdiction to grant the specific relief requested. This is not helpful; the issue is whether the tax court had the power to determine the suffi-

ciency of the IRS's mailings, not whether Adolphson knew to specifically ask for invalidation as opposed to an injunction. The Commissioner continues to pretend that *Buffano* and its progeny do not exist, while simultaneously arguing that the tax court lacks jurisdiction absent a notice of determination.

Notwithstanding this unwillingness to confront the salient issue, the Commissioner is correct that, absent a notice of determination, the tax court lacks jurisdiction under 26 U.S.C. § 6330(d). *See* 14 MERTENS, LAW OF FEDERAL INCOME TAXATION, § 50:22 (Jane C. Bergner ed., 2016) (explaining that a notice of determination is a taxpayer's "ticket" to tax court and that court lacks jurisdiction over claim by taxpayer who fails to timely request, and receive, a CDP hearing); *Hauptman v. Comm'r*, 831 F.3d 950 (8th Cir. 2016) (recognizing that a notice of determination is a prerequisite to tax court jurisdiction under § 6330). A decision invalidating administrative action for not following statutory procedures is a quintessential merits analysis, not a jurisdictional ruling. The *Buffano* line of cases therefore represents an improper extension of the tax court's statutorily defined jurisdiction.

This practice of invalidating collection activity where the tax court lacks statutory authority to proceed also violates the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), which (with exceptions inapplicable here) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." This statute deprives courts of jurisdiction to enter pre-collection injunctions and "protects the Government's ability to collect a consistent stream of revenue" by ensuring that "taxes can ordinarily be challenged only after they are paid, by suing for a

refund" under 28 U.S.C. § 1346(a)(1). *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2582 (2012); *Korte v. Sebelius*, 735 F.3d 654, 669 (7th Cir. 2013). By invalidating levies despite the absence of a notice of determination under § 6330—a taxpayer's jurisdictional hook to enter tax court—decisions such as *Buffano* stand in direct opposition to the Act.

We note that, as far as we can tell, this framework for invalidating levies through a jurisdictional dismissal appears to have originated in a related but distinct context. The tax court in *Buffano* extended (without discussion) a much older and less problematic practice related to a different area of the tax court's jurisdiction. When the IRS determines that a taxpayer (who, presumably, has filed tax returns) underpaid for a particular year, it issues a notice of deficiency (not to be confused with the notice of *determination* at issue here). The taxpayer may then immediately petition the tax court for redetermination of the alleged deficiency under 26 U.S.C. § 6213(a). In other words, no agency appeal is required—a taxpayer may go straight to the tax court as long as the petition is filed within 90 days of the deficiency notice.

But when the taxpayer does not learn of the deficiency and petition for redetermination until more than 90 days after assessment, the IRS typically moves to dismiss the petition for lack of jurisdiction on timeliness grounds. The tax court then analyzes the IRS's proof of mailing to determine whether the deficiency notice met statutory requirements. If notice was properly mailed, the case will be dismissed for lack of jurisdiction as untimely. *See Lee v. Comm'r*, 101 T.C.M. (CCH) 1634, at *2–3 (2011). But if the IRS cannot produce records or the tax court finds that the address used is not the taxpayer's legal "last known address," the court will side

with the taxpayers and deem the notice insufficient (preventing further collection activity until the IRS complies with procedural requirements). *See King v. Comm'r*, 857 F.2d 676, 681 (9th Cir. 1988); *Crum v. Comm'r*, 635 F.2d 895, 900–01 (D.C. Cir. 1980) (reversing tax court's dismissal for lack of jurisdiction to give taxpayer "the opportunity, as provided by statute, to seek in the Tax Court a redetermination of the 1969 deficiency prior to payment upon the filing of a timely petition"). This makes sense because the Congressional intent of providing taxpayers a forum to resolve a disputed deficiency is met, and because the jurisdictional requirement—a deficiency assessed by the IRS—*must* exist for the IRS to pursue any collection efforts, whether or not the taxpayer physically possesses the notice.

Over time, this morphed into a practice by which taxpayers who wish to argue that the IRS never properly served notice of a deficiency will file a petition, then immediately move for dismissal of *their own* petition for lack of jurisdiction on the ground that a deficiency was not properly sent. *See, e.g.*, *Pyo v. Comm'r*, 83 T.C. 626, 631–32 (1984); *Mulder v. Comm'r*, 855 F.2d 208, 210–12 (5th Cir. 1988). Although calling this ground for dismissal "jurisdictional" is a misnomer, the logical underpinning is the same: The tax court is determining whether the IRS has met statutory requirements to proceed with collection, but there isn't a question of whether or not the jurisdictional hook exists (were there no deficiency, there would be nothing to collect).

*Buffano* applied the analysis long used for cases in which a taxpayer challenges a notice of *deficiency*, but applied it to a case where the IRS had never issued a *determination* notice, without analyzing the significant differences between the

two grants of jurisdiction. *Buffano*, 93 T.C.M. (CCH) 901, at *3–5. The tax court improperly transferred this longstanding practice to a new context without considering that under § 6330, absent a notice of determination concerning *levy* activities, the tax court has nothing to review.

No circuit court has directly addressed the practice of invalidating a levy through a jurisdictional dismissal, although the D.C. Circuit recently remanded to the tax court for it to consider, among other arguments, whether it has jurisdiction over a claim identical to that in *Buffano. Edwards v. Comm'r*, 791 F.3d 1, 7–8 (D.C. Cir. 2015). The absence of relevant case law perhaps is not surprising, however, since the Commissioner chose not to appeal any adverse decision resting on *Buffano*. Instead, the IRS's Chief Counsel has advised the agency to maintain better mailing records than applicable regulations require because, "if [a] taxpayer alleges that he never received a CDP notice and the Service cannot prove that it mailed the notice by certified or registered mail, the [tax] court will dismiss the case for lack of jurisdiction on the basis that the CDP notice was invalid." IRS Chief Counsel Advice 200842042, 2008 WL 4610126.

The framework used in *Buffano* to scrutinize the IRS's compliance with its statutory obligations does have equitable appeal; a taxpayer to whom the IRS fails to mail a Final Notice of Intent to Levy and, through no fault of her own, misses the 30-day window to request a CDP hearing might otherwise be left without an opportunity to petition the tax court prior to seizure of her assets. This is the system devised by Congress, however, and at least one circuit decision has rejected an argument that the tax court must have jurisdiction to address this apparent problem. In *Boyd v. Commis-*

*sioner*, 451 F.3d 8, 10 (1st Cir. 2006), taxpayers argued that the IRS "negate[d] Congress's grant of jurisdiction by withholding the very process [a CDP hearing] that is designed to give taxpayers fair opportunity to challenge the agency's decision-making." In rejecting the argument that the tax court has equitable power to hear such claims despite the absence of a notice of determination, the court noted that an aggrieved taxpayer unable to access the tax court has an alternate remedy: a refund suit in district court. *Id.* at 11. Troubling though this "remedy" may be, given the expense and potential delays inherent in such a suit, there is no lawful basis for expanding the tax court's jurisdiction to resolve the perceived problem. Absent a notice of determination, the tax court simply has no lawful authority to hear a taxpayer's claim under § 6330(d).

### III. CONCLUSION

We AFFIRM the decision of the tax court dismissing Adolphson's petition for lack of jurisdiction.