**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3108
_____

ANASTASIOS M. SMALIS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(U.S. Tax Court No. 21-5882)
Tax Court Judge: Honorable Travis A. Greaves
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2024
Before: RESTREPO, MATEY, and CHUNG, Circuit Judges

(Opinion filed: December 18, 2024)
_____

OPINION[*]
_____

PER CURIAM

Anastasios Smalis appeals pro se from the Tax Court's dismissal of his petition for

lack of jurisdiction and the denial of his motion to vacate or revise the decision. We will

affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In 2021, Smalis filed a petition in the Tax Court to challenge Internal Revenue Service ("IRS") actions allegedly taken for his 1992 tax deficiencies.  He challenged a notice of deficiency, a notice of determination concerning a collection action, a notice of final determination for disallowance of interest abatement, and a notice of determination concerning relief from joint and several liability. He claimed that the IRS improperly mailed notices to a prior address even though he submitted a change of address form in 1995, that he was deprived of adequate notice in violation of due process, and that the IRS abused its discretion by refiling a lien.

Smalis did not attach any of the alleged notices to his petition.  Instead, he attached a balance reminder from the IRS.  He also provided a Collection Appeal Request form he completed in 2016.  And he submitted records showing that in May 2017, the IRS issued notice of a federal tax lien for the tax period ending in 1992, assessed in 1994. Additionally, he attached his 2020 Social Security Benefit statement showing a garnishment or levy on his benefits.

The Commissioner of Internal Revenue moved to dismiss for lack of jurisdiction. The Commissioner stated that the IRS had not sent Smalis any of the alleged notices he purported to challenge in his petition, and that Smalis had not produced any notice or determination sufficient to confer the Tax Court with jurisdiction.  In response, Smalis argued that the IRS violated due process by seizing his assets without providing him adequate notice and an opportunity to dispute his liability.

The Tax Court concluded it lacked jurisdiction to review the petition and dismissed the case. Smalis moved for reconsideration, which the Tax Court construed as a motion to vacate or revise the decision under Tax Court Rule 162. Smalis asserted he was "never served with a copy of deficiency or a determination relating to his case," and he was entitled to a hearing to dispute the IRS's collection. The Tax Court denied the motion, and Smalis appealed.

II.

We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review the Tax Court's dismissal for lack of jurisdiction de novo, and we review its factual findings for clear error. Culp v. Comm'r, 75 F.4th 196, 200 (3d Cir. 2023). We review the Tax Court's denial of a motion to vacate for abuse of discretion. Drobny v. Comm'r, 113 F.3d 670, 676 (7th Cir. 1997).

The party asserting Tax Court jurisdiction has the burden to establish it. See Shands v. Comm'r, 111 F.4th 1, 7 (D.C. Cir. 2024). The Tax Court's jurisdiction is limited to what is expressly authorized by Congress. See 26 U.S.C. § 7442; Sunoco Inc. v. Comm'r, 663 F.3d 181, 187 (3d Cir. 2011). For example, Congress has authorized the Tax Court to review deficiency determinations. See generally 26 U.S.C. § 6213.[1] But the Tax Court acquires jurisdiction to review a deficiency determination only after the IRS issues a notice of deficiency. Dudley v. Comm'r, 258 F.2d 182, 183 (3d Cir. 1958);

---

[1] A tax "deficiency" occurs when the tax amount imposed by the IRS exceeds the tax amount reported by the taxpayer on his return. See Lazore v. Comm'r, 11 F.3d 1180, 1188 (3d Cir. 1993); 26 U.S.C. § 6211.

see also Delman v. Comm'r, 384 F.2d 929, 934 (3d Cir. 1967) (stating that the notice of deficiency is the taxpayer's "ticket" to Tax Court); Est. of Davenport v. Comm'r, 184 F.3d 1176, 1182 n.2 (10th Cir. 1999) ("A valid deficiency notice is a prerequisite to Tax Court jurisdiction."); Tax Court Rule 13(a). Similarly, the Tax Court may review the IRS's collection activities, see 26 U.S.C. § 6330(d), but only after the IRS issues a notice of determination, see Adolphson v. Comm'r, 842 F.3d 478, 480 (7th Cir. 2016). Additionally, the Tax Court lacks jurisdiction to review a decision not to abate interest until the IRS has issued a determination not to abate interest. See 26 U.S.C. § 6404(h); Williams v. Comm'r, 131 T.C. 54, 55 (2008); cf. Wright v. Comm'r, 571 F.3d 215, 219-20 (2d Cir. 2009) (holding that the Tax Court had jurisdiction to determine whether the taxpayer was entitled to an abatement of interest because the IRS had issued a notice of determination that did not grant abatement). And the Tax Court may review a determination not to grant relief from joint and several liability under 26 U.S.C. § 6015 only "if an individual files a petition in the court no later than ninety days after the IRS mails its notice of final determination." Rubel v. Comm'r, 856 F.3d 301, 305 (3d Cir. 2017).

The parties do not contest that Smalis did not receive the alleged notices, and the IRS determined that it never sent the challenged notices, nor any document that could qualify as one. Without providing such a notice, Smalis did not meet his burden to establish that the Tax Court had jurisdiction over his petition. See Shands, 111 F.4th at 7. Smalis asserts that because he never received a notice, he had no opportunity for a collection due process hearing, and thus he was deprived of due process. Even if we

4

assume Smalis is correct, without a notice of deficiency or determination, the Tax Court had no jurisdiction over his petition. This remains true even in circumstances where the Commissioner is at fault for failing to carry out the statutory duty to issue notice. See Adolphson, 842 F.3d at 486; see also Musso v. Comm'r, 531 F.2d 772, 774 (5th Cir. 1976) (explaining that the Tax Court has no equity powers).

Thus, the Tax Court did not err by dismissing Smalis's petition for lack of jurisdiction. And because Smalis re-argued the same points in his post-decision motion, the court did not abuse its discretion by denying his motion to vacate or revise the decision. Accordingly, we will affirm the Tax Court's judgment.