CLD-105                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1215
_____

ZIA H. SHAIKH,
                              Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(U.S. Tax Court No. 24-10493)
Tax Court Judge: Diana L. Leyden
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 20, 2025
Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 25, 2025)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Zia Shaikh appeals from the United States Tax Court's decisions

to dismiss his petition and impose a penalty. For the reasons that follow, we will

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

summarily affirm the Tax Court's orders.

I.

In 2017, the Commissioner of the Internal Revenue Service ("IRS") issued notices of deficiency to Shaikh regarding his income taxes for 2014 and 2015. In 2018, Shaikh was notified that, pursuant to 26 U.S.C. § 7345, the Commissioner had certified to the State Department that Shaikh owed a "seriously delinquent tax debt" of over $51,000, for tax years 2013-2015. This certification notified Shaikh that the State Department had the authority to revoke or limit his passport access. In August 2023, the Commissioner determined that, due to hardship, Shaikh's tax liabilities for 2013-2015 were not currently collectible. Because of that status, Shaikh's § 7345 certification was reversed, and the State Department was notified of the reversal in September 2023.

In June 2024, Shaikh filed a petition in the United States Tax Court, challenging: (1) the 2018 seriously delinquent tax debt certification; (2) the 2014 and 2015 notices of deficiency; (3) a notice of deficiency he claimed to have received for the 2013 tax year; and (4) notices of determination concerning collection action that he claimed to have received for tax years 2013-2015. On the Commissioner's motion, the Tax Court dismissed the first and fourth issues Shaikh raised and warned Shaikh that if he continued to make frivolous arguments to delay the case, it could impose a penalty of up to $25,000 pursuant to 26 U.S.C. § 6673(a). Shaikh sought reconsideration, which was denied, and the Tax Court imposed a $2500 penalty. On January 13, 2025, the Tax Court dismissed the remainder of Shaikh's petition. Shaikh timely appealed.

2

II.

We have jurisdiction over this appeal pursuant to 26 U.S.C. § 7482(a)(1). We exercise plenary review over the Tax Court's legal determinations and review its factual findings for clear error. PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000). We review the imposition of a penalty under 26 U.S.C. § 6673 for abuse of discretion. See Sauers v. Comm'r, 771 F.2d 64, 65 (3d Cir. 1985).

III.

We agree with the Tax Court's determinations in this case. First, the Tax Court appropriately dismissed Shaikh's petition as moot to the extent that he sought to challenge his seriously delinquent tax debt certification. See 26 U.S.C. § 7345(e)(1) (permitting the Tax Court to review whether a "certification was erroneous or whether the Commissioner has failed to reverse the certification"); Zuch v. Comm'r, 97 F.4th 81, 93 (3d Cir. 2024) (explaining that the Tax Court applies Article III's case or controversy limitation to its cases, and that cases become moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (citation omitted), cert. granted, No. 24-416, 2025 WL 65915 (U.S. Jan. 10, 2025). Shaikh has argued that his passport has been restricted because of that certification. However, the record shows that the certification was reversed in September 2023, months before Shaikh filed his Tax Court petition. There is nothing in the record suggesting that any action has been taken by the State Department on this basis since Shaikh filed his petition.[1] Accordingly,

_____

[1] Shaikh included letters from the State Department regarding the denial of his passport

Shaikh's petition was moot as to this issue.  See Ruesch v. Comm'r, 25 F.4th 67, 70 (2d Cir. 2022) (affirming the Tax Court's dismissal of a litigant's passport claims as moot where the IRS had already reversed a § 7345 certification and notified the State Department, as "[t]here was . . . no longer a reasonable risk that [the litigant's] passport would be denied, revoked, or limited" on that basis).[2]

Second, we discern no error in the Tax Court's dismissal of Shaikh's challenge to his 2014 and 2015 notices of deficiency as untimely.  Under 26 U.S.C. § 6213(a), taxpayers may petition the Tax Court for a redetermination within 90 days of when the IRS mails a notice of deficiency.  This deadline is not jurisdictional and may be equitably tolled.  See Culp v. Comm'r, 75 F.4th 196, 202-05 (3d Cir. 2023).

Shaikh filed his petition in Tax Court several years after the notices of deficiency were issued in 2017.  He has argued that medical and financial issues prevented him from meeting filing deadlines, but he submitted many other filings to the IRS and the Tax Court between 2017 and 2024.  Shaikh thus did not show that "some extraordinary

application in December 2019 and February 2020, but he included no documentation from after September 2023, when the certification was reversed.

[2] Shaikh argued before the Tax Court that the "voluntary cessation" exception to mootness is applicable here.  See Ruesch, 25 F.4th at 71 (explaining that "the voluntary cessation doctrine exists primarily to keep parties from acting strategically to avoid judicial review" by "temporarily altering questionable behavior") (citation omitted).  That exception does not raise a concern under the circumstances of this case, in part because the certification was reversed long before Shaikh filed his petition in Tax Court.  Id.  Further, to the extent that he asserted any claims regarding the denial of his passport renewal application, those determinations are made by the State Department, not the IRS Commissioner.  See Maehr v. U.S. Dep't of State, 5 F.4th 1100, 1106 (10th Cir. 2021).

4

circumstance prevent[ed] him from bringing a timely action" to challenge those notices. See id. at 203 (citation omitted). Accordingly, the Tax Court correctly dismissed Shaikh's petition for lack of jurisdiction to the extent that he challenged the 2014 and 2015 notices of deficiency.

Third, Shaikh challenged: (1) a notice of deficiency he claimed to have received for the 2013 tax year; and (2) notices of determination concerning collection action that he claimed to have received for tax years 2013-2015. However, Shaikh later acknowledged that no notice of deficiency or notice of determination was issued to him for those tax years. The Commissioner also could not locate any such notices for those tax years.

The Tax Court is a court of limited jurisdiction and thus possesses "only such jurisdiction as is expressly conferred by Congress." See Sunoco Inc. v. Comm'r, 663 F.3d 181, 187 (3d Cir. 2011). These notices are jurisdictional prerequisites to seeking review in Tax Court. See Adolphson v. Comm'r, 842 F.3d 478, 484 (7th Cir. 2016) (explaining that, absent a notice of determination, the Tax Court lacks jurisdiction to review the collection activities of the IRS under 26 U.S.C. § 6330(d)); Dudley v. Comm'r, 258 F.2d 182, 183 (3d Cir. 1958) ("[T]he Tax Court acquires jurisdiction to redetermine [a] deficiency only after a notice of deficiency"). Thus, the Tax Court correctly concluded that it lacked jurisdiction to review these portions of Shaikh's petition.

Finally, the Tax Court did not abuse its discretion in imposing a penalty of $2500

5

on Shaikh. As relevant here, the sanctions provision at § 6673(a)(1) allows for the imposition of a penalty where proceedings are maintained "primarily for delay," or when "the taxpayer's position . . . is frivolous or groundless." The Commissioner requested a penalty based on Shaikh's arguments and repeated filings. The Tax Court did not abuse its discretion in concluding that Shaikh presented classic tax protester rhetoric and was submitting frivolous filings primarily for purposes of delay. See Sauers, 771 F.2d at 68 (explaining that § 6673 "is a penalty statute designed to deter taxpayers from bringing frivolous or dilatory suits"). The Tax Court gave Shaikh notice that continuing to file frivolous filings would result in the imposition of a penalty, and in response, Shaikh filed yet another submission repeating the same arguments he had already raised. Under these circumstances, Shaikh should have known that his actions could result in sanctions.

Accordingly, we will summarily affirm the Tax Court's judgment.[3]

---

[3] In light of our disposition, Shaikh's motion to stay the Tax Court's imposition of a penalty pending this appeal, and his requests to expedite the appeal, are denied.