BLD-139                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1206
_____

MICHAEL GORRIO,
                              Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(U.S. Tax Court No. 24-4299)
Tax Court Chief Judge:  Honorable Kathleen Kerrigan

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 1, 2025
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 9, 2025)
_____

OPINION[*]
_____

PER CURIAM

    Michael Gorrio appeals pro se from an order of the United States Tax Court

dismissing his amended petition for lack of subject matter jurisdiction.  The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Commissioner of Internal Revenue (the "Commissioner") has filed a motion to summarily affirm the Tax Court's order. For the reasons that follow, we will grant the motion.

In July 2024, Gorrio filed an amended pro se petition in the United States Tax Court against the Commissioner. His two-page form amended petition checked boxes indicating that he was disputing a Notice of Determination Concerning Collection Action and a Notice of Final Determination for Disallowance of Interest Abatement. The petition alleged that he had been assigned two social security numbers at birth, and that taxes were improperly and fraudulently collected from both of those numbers.

The Commissioner filed a motion to dismiss for lack of subject matter jurisdiction, as Gorrio did not indicate any specific tax year that he was disputing, nor did he attach any notice issued by the Commissioner. The Commissioner also represented that, after a search of records for the taxable years 2018 through 2023, there was no record of the specific notices Gorrio sought to challenge, nor was there any other record that would give the Tax Court jurisdiction over Gorrio's amended petition. Gorrio filed an opposition, which again did not indicate any specific tax year that he was disputing and did not attach any notice issued by the Commissioner. Instead, Gorrio attached two filings, from his 2012 criminal court proceedings in Allegheny County, which list slightly different (by one digit) social security numbers in his biographical information.

2

The Tax Court concluded that it lacked jurisdiction to review the amended petition and entered an order dismissing the case. Gorrio timely appealed. The Commissioner has filed a motion to summarily affirm the Tax Court's order.

We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review the Tax Court's dismissal for lack of jurisdiction de novo, and we review its factual findings for clear error. Culp v. Comm'r, 75 F.4th 196, 200 (3d Cir. 2023). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The Tax Court's jurisdiction is limited to what is expressly authorized by Congress. See 26 U.S.C. § 7442; Sunoco Inc. v. Comm'r, 663 F.3d 181, 187 (3d Cir. 2011). The party asserting Tax Court jurisdiction has the burden to establish it. See Shands v. Comm'r, 111 F.4th 1, 7 (D.C. Cir. 2024). Congress has provided the Tax Court with jurisdiction to review the IRS's collection activities, but only after the IRS issues a notice of determination. See 26 U.S.C. § 6330(d); Adolphson v. Comm'r, 842 F.3d 478, 480 (7th Cir. 2016); Weber v. Comm'r, 122 T.C. 258, 263 (2004) (describing notice of determination as taxpayer's "ticket" to the Tax Court). Similarly, the Tax Court has jurisdiction to review a decision not to abate interest, but only after the IRS has issued a notice of a determination not to abate interest or has failed to act on an administrative request for abatement within 180 days. See 26 U.S.C. § 6404(h); Ahmed v. Comm'r, 64 F.4th 477, 486–87 (3d Cir. 2023); Williams v. Comm'r, 131 T.C. 54, 56 (2008).

Here, there is no substantial question that Gorrio failed to establish any basis for the Tax Court to exercise jurisdiction under those provisions or any other provision. Gorrio never identified the tax year(s) that he was disputing, let alone provided any evidence that he was ever issued a notice of determination for collection activities or a notice of a determination not to abate interest. Absent such a showing, Gorrio did not meet his burden to establish that the Tax Court had jurisdiction over his amended petition, see Shands, 111 F.4th at 7, and the Tax Court properly dismissed it.

Accordingly, we will grant the Commissioner's motion and summarily affirm the Tax Court's judgment.