T.C. Memo. 2007-32


UNITED STATES TAX COURT


DAVID BUFFANO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11281-06L.          Filed February 8, 2007.


        R filed a motion to dismiss P's collection review
action directed at R's effort to levy upon P's
property.  R argued lack of jurisdiction due to P's
untimely request for an Appeals Office hearing.  P
argued that he did not timely receive notice of R's
intent to levy.

        1.  Held:  R's motion to dismiss for lack of
jurisdiction on the ground that P made an untimely
hearing request will be denied.

        2.  <u>Held</u>, <u>further</u>:  No valid final notice of
intent to levy was issued because the notice was not
mailed to P's last known address.

        3.  <u>Held</u>, <u>further</u>:  This case will be dismissed
for lack of jurisdiction because no valid final notice
of intent to levy was issued to P.

David Buffano, pro se.

Brian A. Press, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, Special Trial Judge:  This collection review case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction.  Respondent moves to dismiss on the ground that no notice of determination was sent to petitioner for 2000 and 2001, the taxable years in issue.  In contrast, petitioner contends that no valid final notice of intent to levy was ever sent to him at his last known address, nor did he receive one.  In this context, the Court lacks jurisdiction.  The sole issue for decision is the basis of the Court's dismissal of this case.

FINDINGS OF FACT

At the time the petition was filed, petitioner resided at 635 N. 2250 East Road in Milford, Illinois.  He currently lives in Colfax, Illinois.

Petitioner has not filed a Federal income tax return since he filed for the taxable year 1999.  Petitioner's 1999 return listed "84 Sterling Circle, Apt. 303, Wheaton, Illinois" as his mailing address (the Wheaton address).

After some moving around and having notified the U.S. Postal Service (Postal Service) of his various changes of address, petitioner lived in Milford, Illinois, at the aforementioned

address for several years.[1]  As of March 2005, petitioner had
lived at this address in Milford for some time.

On March 5, 2005, respondent's Kansas City Service Center
mailed three letters to petitioner.  The letters, however, were
not all sent to the same address.

Relying on information available to it, the Kansas City
Service Center's Automated Collection Service (ACS) sent the
first letter to petitioner at "635 N 2250 EAST ROADPT [sic]
303[,] MILFORD IL".  Despite the errors in the address,
petitioner received this letter not long after it was mailed, and
we shall refer to this address (and its correct counterpart, 635
N. 2250 East Road) as the Milford address.  This first letter was
entitled "We Have No Record of Receiving Your Tax Returns" and
concerned the taxable year 2002.

The second letter, mailed by respondent's Kansas City
Service Center's ACS to petitioner at the (incorrectly typed)
Milford address, was also received not long after it was mailed.
This second letter requested petitioner's telephone number and

---

[1]  The Postal Service will forward mail to a new address for
approximately 12 months, though a permanent change of address
form remains on file with the Postal Service for 18 months.  See
www.usps.com.  The Postal Service's National Change of Address
database retains change of address information for 36 months.
See www.usps.com; sec. 301.6212-2(b)(2)(i), Proced. & Admin.
Regs.

again referenced petitioner's failure to file his 2002 Federal income tax return.

The third letter sent on March 5, 2005 by the Kansas City Service Center's ACS to petitioner was mailed to "84 STERLING PIRCLE [sic] APT 303[,] WHEATON, IL", an incorrectly typed version of the Wheaton address. This third letter was a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice) with respect to petitioner's Federal income tax liabilities for the taxable years 2000 and 2001. These liabilities, determined on the basis of substitutes for return since petitioner did not file returns for those years, were assessed after petitioner failed to commence an action for redetermination pursuant to section 6213(a).[2] The final notice listed outstanding liabilities in the aggregate amount of some $19,000 and notified petitioner of his right to an administrative hearing. Petitioner never received the final notice, and it was returned to respondent as undeliverable by the Postal Service on April 8, 2005.

On June 30, 2005, respondent issued a notice of levy to petitioner's employer, Napleton's River Oaks Cadillac in Chicago, Illinois, where petitioner was employed as a commission-based

_____

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

automobile mechanic.  It was his employer's receipt of the notice of levy that first brought the levy to petitioner's attention.

On July 19, 2005, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing (hearing request). It was received by respondent 136 days after the issuance of the final notice.  Petitioner's hearing request listed his address as the Milford address.

An Appeals officer scheduled an equivalent hearing by telephone with petitioner for October 28, 2005, but petitioner did not appear.[3]

In May 2006, the Appeals Office issued a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code (decision letter) to petitioner, stating that the levy was appropriate and that petitioner did not have the right to appeal the decision because, not having filed a timely hearing request, he had been granted only an equivalent hearing.  That letter was mailed to the Milford address.

In June 2006, petitioner filed a petition with this Court seeking to commence a lien or levy action under section

---

[3]  Petitioner did write to respondent's Appeals Office to reschedule the Oct. 28 telephone conference but, despite the fact that he had almost a month in which to accomplish the task, chose to wait until Oct. 25 to draft a letter requesting the rescheduling of the conference.  The letter did not reach the Appeals officer until Nov. 2.

6330(d)(1).  Respondent filed a Motion to Dismiss for Lack of Jurisdiction on August 7, 2006.

An evidentiary hearing took place in Chicago, Illinois.

OPINION

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review.  See Orum v. Commissioner, 123 T.C. 1 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b).  Thus, in the absence of a notice of determination, this Court lacks jurisdiction.  Respondent did not issue a notice of determination in respect of petitioner's outstanding tax liabilities for 2000 and 2001.  A decision letter resulting from an equivalent hearing concerning a collections issue is insufficient to invoke the Court's jurisdiction under section 6320 or 6330.  Moorhous v. Commissioner, supra at 270-271; Kennedy v. Commissioner, 116 T.C. 255, 263 (2001); Cowan v. Commissioner, T.C. Memo. 2006-255, on appeal (9th Cir., Jan. 29, 2007); cf. Craig v. Commissioner, 119 T.C. 252 (2002).  However, as relevant herein, a necessary

predicate for the issuance of a notice of determination is the issuance of a final notice of intent to levy sent to the taxpayer at the taxpayer's last known address. See sec. 6330(a)(2)(C). Accordingly, in this context, the Court does not have jurisdiction to hear petitioner's case, and only the proper basis for dismissal is to be decided.

Respondent argues that the Court lacks jurisdiction because petitioner filed his hearing request outside the 30-day time period permitted by statute; dismissal on this ground would allow respondent to levy upon petitioner's property to satisfy his long-outstanding Federal tax liabilities. On the other hand, petitioner argues that he never received a valid final notice of intent to levy; dismissal on that ground would invalidate the notice of levy. See Kennedy v. Commissioner, supra at 261.

A.  Petitioner's Hearing Request

Taxpayers must submit a written request for an administrative hearing with respect to a final notice issued under section 6330 within the 30-day period commencing the day after the date of the final notice. Sec. 6330(a)(3)(B); sec. 301.6330-1(b)(1), Proced. & Admin. Regs. A taxpayer who makes an untimely request for a hearing is not entitled to one but rather receives an "equivalent hearing" instead. See Kennedy v. Commissioner, supra at 263; sec. 301.6330-1(i)(1), Proced. & Admin. Regs.

Because his hearing request was made beyond the 30-day period, petitioner was granted an equivalent hearing for the taxable years 2000 and 2001. See sec. 301.6330-1(i)(1), Proced. & Admin. Regs. The result of an equivalent hearing is a decision letter, not a notice of determination, and the distinction is critical; a decision letter does not constitute a notice of determination under section 6330(d)(1) which would provide a basis for petitioner to invoke the Court's jurisdiction. See Moorhous v. Commissioner, supra at 270; Kennedy v. Commissioner, supra at 263.

B. The Final Notice of Intent To Levy Was Not Sent to Petitioner at His Last Known Address

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by way of a levy upon the person's property. Section 6331(d) provides that, at least 30 days before proceeding with enforced collection by way of a levy on a person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available. See sec. 6330; Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

The notice of intent to levy must be given in person, left at the person's dwelling or usual place of business, or sent by

certified or registered mail to the person's last known address. Secs. 6330(a)(2), 6331(d)(2); secs. 301.6330-1(a), 301.6331-2(a)(1), Proced. & Admin. Regs. Here, the final notice was not sent to petitioner at his last known address, nor did he receive it, and therefore it is invalid.

Section 301.6212-2(a) and (b) of the Proced. & Admin. Regs. applies to all notices and documents whenever the term "last known address" is used.[4] Sec. 301.6212-2(c), Proced. & Admin. Regs. The regulation provides the general rule:

> a taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the Internal Revenue Service (IRS) is given clear and concise notification of a different address.

Sec. 301.6212-2(a), Proced. & Admin. Regs; see also Kennedy v. Commissioner, supra at 260 n.4; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); Taylor v. Commissioner, T.C. Memo. 1990-559 (citing Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988)). With this definition alone, it would seem as if the Wheaton address, the one on petitioner's last-filed and properly processed return, were petitioner's last known address. However, the regulation goes on to explain that the Internal

---

[4] As any appeal of this case lies to the Court of Appeals for the Seventh Circuit, it is that court's interpretation of the rules that we use as a guidepost when interpreting the regulation and relevant caselaw.

Revenue Service will update the taxpayer addresses in its records by using information retrieved from the Postal Service's National Change of Address database and will use the Postal Service database address until a taxpayer either files a return with a different address or provides the IRS with clear and concise notice of a change of address.  See sec. 301.6212-2(b)(2), Proced. & Admin. Regs.  Petitioner notified the Postal Service of his move to the Milford address.  In light of all of the facts and circumstances present in this case, we find that his last known address was the Milford address.

> A 'last known address' is precisely that; if * * * [the Commissioner] * * * knows of one address for a taxpayer and is then notified of another address for the same taxpayer, such other address supersedes the previous address and becomes, as far as [the Commissioner] is concerned, that taxpayer's 'last known address' * * *.

Abeles v. Commissioner, supra at 1030.  A taxpayer can have only one last known address on a given date.  Id.  On March 5, 2005, that address for petitioner was the Milford address.

An inquiry into a taxpayer's last known address is based on the relevant facts and circumstances.  See O'Brien v. Commissioner, 62 T.C. 543, 550 (1974); Lifter v. Commissioner, 59 T.C. 818, 821 (1973).  If the Government has become aware of a change of address, the Commissioner may not rely on the address listed on the last-filed tax return but must exercise reasonable care to discern the taxpayer's correct address.  See, e.g., Pyo v. Commissioner, 83 T.C. 626 (1984).  It is important to examine

what information was available to the Commissioner at the time the notice was mailed. See Eschweiler v. United States, 946 F.2d 45, 48 (7th Cir. 1991). In other words, what is significant is what respondent knew at the time the notice was issued, attributing "to respondent information which respondent knows, or should know, with respect to a taxpayer's last known address, through the use of its computer system." Abeles v. Commissioner, supra at 1035. Here, respondent and his representatives sent mail concerning petitioner's taxes to the Milford address on the very same day they sent the final notice to the Wheaton address. Respondent clearly had the correct information.

In McPartlin v. Commissioner, 653 F.2d 1185 (7th Cir. 1981), the Seventh Circuit found the Commissioner had not mailed a notice of deficiency to the taxpayers' last known address because, inter alia, other correspondence from the IRS had gone to the taxpayers' correct address. The Court of Appeals for the Seventh Circuit wrote, in 1981, that we live in the age of "sophisticated computer information storage and retrieval systems" such that asking the Commissioner to make use of them "can hardly be deemed to impose an unreasonable burden". Id. at 1190 n.8; see also Alta Sierra Vista, Inc. v. Commissioner, 538 F.2d 334 (9th Cir. 1976); Delman v. Commissioner, 384 F.2d 929 (3d Cir. 1967), affg. T.C. Memo. 1966-59; O'Brien v. Commissioner, supra at 550. The Court can only imagine that if

computer systems 25 years ago were sufficiently robust for the Seventh Circuit to require some due diligence on the part of the IRS, any such requirement would be more than applicable today. See also Abeles v. Commissioner, supra at 1033 (acknowledging, 18 years ago, that "the state of the IRS's computer capabilities is such that a computer search of the information retained with respect to a certain taxpayer, including his or her last known address, may be performed by respondent's agent without unreasonable effort or delay" and would take less than a minute).

The Seventh Circuit noted that "[a]n innocent taxpayer should not be penalized because the tax collector neglects to tell his right hand what his left hand is doing." McPartlin v. Commissioner, supra at 1191 (quoting Crum v. Commissioner, 635 F.2d 895, 900 (D.C. Cir. 1980)). Although petitioner may not be the "innocent taxpayer" the Seventh Circuit envisioned, he should have the benefit of the same procedural safeguards offered to cooperative taxpayers.

We hold that the final notice of intent to levy with respect to petitioner's 2000 and 2001 outstanding tax liabilities was not mailed to petitioner's last known address and is therefore invalid. For this reason, this case will be dismissed for lack of jurisdiction.

To reflect the foregoing,

An appropriate order will be entered denying respondent's motion and dismissing this case for lack of jurisdiction instead on the ground that the final notice was not sent to petitioner at his last known address and is therefore invalid.