# United States Tax Court

T.C. Memo. 2023-108

JAMES MELLON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 11277-20.                    Filed August 17, 2023.

————

*Frank Agostino*, for petitioner.

*Christopher D. Davis*, *Michael J. De Matos*, and *Christina L. Holland*, for respondent.

## MEMORANDUM OPINION

COPELAND, *Judge*: This case is before the Court on a Motion to Dismiss on Ground of Mootness (Mootness Motion) and a Motion to Dismiss for Lack of Jurisdiction (Jurisdictional Motion), both filed by the Commissioner of Internal Revenue (Commissioner). Petitioner, James Mellon, filed Objections to both Motions, along with a Declaration of Frank Agostino in support of the Objections. The Commissioner filed Responses to both Objections.

This case arose because the Internal Revenue Service (IRS) assessed $860,000 of penalties against Mr. Mellon under section 6038;[1] he did not pay that liability upon notice and demand, so the Commissioner filed a notice of federal tax lien (NFTL) and eventually

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] certified Mr. Mellon to the Secretary of State as an individual with a seriously delinquent tax debt under section 7345. In his Petition Mr. Mellon asserted that we have jurisdiction under sections 6213, 6320 and 6330(d), and 7345 to hear his case.[2] He is seeking three forms of relief: (1) a determination that he should not have been certified as an individual with a seriously delinquent tax debt; (2) a redetermination of liabilities that he contends were improperly assessed; and (3) a determination that the NFTL filed against him must be withdrawn.

As will be explained in further detail below, during the pendency of this case the Commissioner withdrew the initially filed NFTL, filed a new NFTL, reversed Mr. Mellon's certification of his tax debt as "seriously delinquent," and duly notified the Secretary of State. The Commissioner then moved, under Rule 53, for a dismissal of Mr. Mellon's section 7345 challenge as moot and for a dismissal of Mr. Mellon's other challenges for lack of jurisdiction. We agree and will grant both the Mootness and Jurisdictional Motions.

*Background*

The following background is derived from the pleadings and the parties' other submissions, including the supporting Exhibits and Declarations. The background is stated solely for ruling on the pending Mootness and Jurisdictional Motions and not as findings of fact in this case. Mr. Mellon resided in Monaco when he filed his Petition.

Mr. Mellon did not file income tax returns for tax years 2005 through 2010 (years in issue). In 2012 the Commissioner initiated an examination of Mr. Mellon's returns for the years in issue and concluded that for each year he failed to file Forms 5471, Information Return of U.S. Persons With Respect to Certain Foreign Corporations. Consequently, the Commissioner summarily assessed $860,000 in penalties under section 6038(b) (section 6038 penalties).[3]

---

[2] Mr. Mellon also asserted that we have jurisdiction under section 6404(h)(1). However, in his Objection to the Jurisdictional Motion, he acknowledged that we do not have jurisdiction under section 6404(h)(1).

[3] Mr. Mellon renounced his U.S. citizenship in 1977. He was issued a Certificate of Loss of Nationality of the United States in 1978. Since that time, he has not maintained U.S. citizenship and has not held a U.S. passport. The parties dispute whether Mr. Mellon is a "United States person" within the meaning of section 7701(a)(30) and thus whether section 6038 can even apply to him. However, that dispute is not properly before the Court at this time, so we will not decide it here.

**[*3]**    In an effort to collect Mr. Mellon's liability for the section 6038 penalties, on July 5, 2019, the Commissioner filed an NFTL (July 2019 NFTL) against him and on July 9, 2019, sent him a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (July 2019 lien notice).  The July 2019 lien notice was sent to an address in Switzerland but was subsequently returned to the IRS as undeliverable.

On September 30, 2019, the Commissioner sent Mr. Mellon a Notice CP508C, Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the State Department (certification notice).  The certification notice advised Mr. Mellon that the Commissioner had certified him to the Secretary of State as an individual owing a seriously delinquent tax debt, namely, his liability for the section 6038 penalties plus interest thereon.[4]  The certification notice was sent to the same Switzerland address as the July 2019 lien notice.

In response to the certification notice, Mr. Mellon filed a Petition in this Court, alleging that the section 7345 certification was erroneous and requesting (1) that we determine under sections 6213, 6320 and 6330(d), and 7345 that the section 6038 penalties were illegally assessed, (2) that we order withdrawal of the July 2019 NFTL, and (3) that we determine the Commissioner failed to comply with section 6751(b)(1) in assessing the section 6038 penalties.

On February 26, 2021, the Commissioner withdrew the July 2019 NFTL and filed a new NFTL against Mr. Mellon (February 2021 NFTL). He then notified Mr. Mellon of this refiling (February 2021 lien notice), which allowed Mr. Mellon to request a collection due process (CDP) hearing with respect to the February 2021 NFTL.  Mr. Mellon timely

---

[4] The certification was made under section 7345, a law enacted in 2015 as part of the Fixing America's Surface Transportation Act, Pub. L. No. 114-94, § 32101(a), 129 Stat. 1312, 1729–31 (2015).  Under section 7345, "[i]f the Secretary [of the Treasury] receives certification by the Commissioner of Internal Revenue that an individual has a seriously delinquent tax debt, the Secretary [of the Treasury] shall transmit such certification to the Secretary of State for action with respect to denial, revocation, or limitation of a passport."  I.R.C. § 7345(a); *see* I.R.C. § 7701(a)(11)(B) ("The term 'Secretary' means the Secretary of the Treasury or his delegate.").  In other words, section 7345 outlines a two-step procedure whereby the Commissioner sends the certification to the Secretary of the Treasury, who then transmits the certification to the Secretary of State.  In practice the IRS follows a one-step procedure whereby the Commissioner, as the Secretary of the Treasury's delegate, transmits the certification directly to the Secretary of State.  *See* I.R.C. § 7701(a)(11); *Internal Revenue Manual* 5.19.25.2, .7, .10 (Aug. 12, 2020).

[*4] requested a CDP hearing related to the February 2021 NFTL on or about March 25, 2021.

A "seriously delinquent tax debt," by definition, does not include a tax liability for which an NFTL has been filed if administrative rights under section 6320 with respect to that filing have not yet been exhausted or lapsed. I.R.C. § 7345(b)(1)(C)(i). Given that such administrative rights had not been exhausted or lapsed with respect to the February 2021 NFTL for the same section 6038 penalties that were previously certified, the Commissioner reversed Mr. Mellon's certification and so notified the Secretary of State. *See* I.R.C. § 7345(b)(1)(C)(i), (c)(1). The Commissioner now urges that the Court cannot grant Mr. Mellon any further relief with respect to his passport claim, making that portion of his case moot. As to the assessment and CDP lien filing claims, the Commissioner asserts that we lack jurisdiction.

Mr. Mellon counters, among other things, that (1) the Commissioner erroneously certified him to the Secretary of State; (2) the section 6038 penalties were improperly assessed; (3) at the time the July 2019 lien notice was issued, the Commissioner knew that he resided in Monaco, not Switzerland, and yet sent the July 2019 lien notice to that incorrect address; and (4) the Commissioner did not send a copy of that notice to Mr. Mellon's representatives, in violation of section 6304(a)(2).

Mr. Mellon has not disputed, in his written submissions or otherwise, that (1) the Commissioner reversed the certification and so notified the Secretary of State; (2) his challenge to the IRS's assessment of section 6038 penalties is pending before the IRS Independent Office of Appeals (IRS Appeals Office) in a section 6320 CDP proceeding; (3) he did not receive a notice of deficiency related to the section 6038 penalties; (4) he did not receive a notice of determination with respect to the July 2019 lien notice; nor (5) that the July 2019 NFTL has been withdrawn.

*Discussion*

I.    *Preliminary Matters*

Before we turn to the Mootness and Jurisdictional Motions currently before us, we pause to briefly discuss *Ruesch v. Commissioner*, 154 T.C. 289 (2020), *aff'd in part, vacated in part, and remanded*, 25

**[\*5]** F.4th 67 (2d Cir. 2022), a case where the facts and law were very similar to those presently before us.[5]

In *Ruesch* the Commissioner certified the taxpayer (Ms. Ruesch)[6] to the Secretary of State as a person with a seriously delinquent tax debt. *Id.* at 292. Ms. Ruesch then, pursuant to section 7345(e)(1) only, filed a petition with this Court challenging the Commissioner's certification and her liability for the section 6038 penalties underlying that certification. *Ruesch*, 154 T.C. at 292. The Commissioner thereafter realized that the certification was in error because it occurred while Ms. Ruesch had a pending request for a CDP hearing. *Id.* at 293. Accordingly, the Commissioner reversed his certification and filed a motion to dismiss on grounds of mootness as to Ms. Ruesch's passport challenge and a motion to dismiss for lack of jurisdiction as to her underlying liability challenge. *Id.* We held that Ms. Ruesch's passport claim was moot, as she had received all the relief she was statutorily entitled to and that we could grant, *see id.* at 298–99, and that we lacked jurisdiction to review her underlying liability challenge, as section 7345 did not permit us to do so, *see Ruesch*, 154 T.C. at 295–98. Consequently, we granted both of the Commissioner's motions. *Id.* at 297, 299.

The Second Circuit affirmed our decision as to mootness, vacated our decision as to lack of jurisdiction, and remanded the case with instructions to dismiss the entire case as moot, including Ms. Ruesch's underlying liability challenge, because that challenge was made pursuant to section 7345. *Ruesch v. Commissioner*, 25 F.4th at 71–72. Since claims concerning the doctrine of mootness "are antecedent to and should ordinarily be decided before other issues such as statutory jurisdiction or the merits," *id.* at 71 (citing *Butcher v. Wendt*, 975 F.3d 236, 242 (2d Cir. 2020)), the Second Circuit concluded that there was no need for us to have decided the jurisdictional question: the mootness of Ms. Ruesch's section 7345 claim (the only ground on which she invoked our jurisdiction) meant that her underlying liability challenge was moot as well, *Ruesch v. Commissioner*, 25 F.4th at 71–72.

In his Petition Mr. Mellon took a different approach. He asserted that our jurisdiction over his case stems from not only section 7345

---

[5] The U.S. Court of Appeals for the Second Circuit filed its opinion in *Ruesch* after the Motions in this case had been fully briefed. While the Commissioner informed the Court of that judicial ruling, neither party requested to file additional briefs on the pending Motions.

[6] We note for clarity that Ms. Ruesch is married to Mr. Mellon.

**[\*6]** (which applies specifically to certification of an individual as having a "seriously delinquent tax debt") but also other jurisdiction-conferring provisions. Thus, even if his passport claim under section 7345 is moot, that would resolve only a part of this case, as the mootness of that claim does not necessarily dictate the disposition of his other claims. Those other claims still need to be considered under asserted jurisdiction-conferring provisions other than section 7345. We therefore will consider both of the Commissioner's Motions and will discuss each separately.

## II.     *Motion to Dismiss on Ground of Mootness*

### A.     *General Principles*

Although we are an Article I court, the "case or controversy" requirement under Article III applies to the exercise of our judicial power. *See Garcia v. Commissioner*, 157 T.C. 1, 8 (2021); *Battat v. Commissioner*, 148 T.C. 32, 46 (2017) (citing cases); *Anthony v. Commissioner*, 66 T.C. 367, 370 (1976) ("Without a 'case' or 'controversy' before us, we would be exercising nonjudicial powers, and our opinions would not be reviewable . . . ." (footnote omitted)), *aff'd without published opinion*, 566 F.2d 1168 (3d Cir. 1977); *Shitrit v. Commissioner*, T.C. Memo. 2021-63, at \*10. Accordingly, we will dismiss a claim as moot if the parties' subsequent actions have produced a situation in which neither party retains any "legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979)); *see also Garcia*, 157 T.C. at 8; *Shitrit*, T.C. Memo. 2021-63, at \*10. A case also becomes moot when "the court can provide no effective remedy because a party has already 'obtained all the relief that [it has] sought.'" *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (alteration in original) (quoting *Monzillo v. Biller*, 735 F.2d 1456, 1459 (D.C. Cir. 1984)); *see also Garcia*, 157 T.C. at 8; *Shitrit*, T.C. Memo. 2021-63, at \*10.

### B.     *Section 7345 Overview*

Section 7345(a) provides that, if the Commissioner certifies that an individual has a "seriously delinquent tax debt," that certification shall be transmitted "to the Secretary of State for action with respect to denial, revocation, or limitation of [the individual's] passport." *See supra* note 4. The Commissioner is required to contemporaneously notify the individual upon making that certification. I.R.C. § 7345(d). A "seriously delinquent tax debt" is generally a federal tax liability that

**[\*7]** (1) has been assessed; (2) exceeds \$50,000 (adjusted for inflation);[7] (3) is unpaid and legally enforceable; and (4) is the subject of a completed levy or a filed lien notice with all administrative rights exhausted or lapsed. I.R.C. § 7345(b)(1), (f); *see also Garcia*, 157 T.C. at 7. Federal tax liabilities that are being timely paid under an installment agreement or an offer-in-compromise, or for which collection is suspended because the taxpayer requested a CDP hearing under section 6330 or made an election or requested relief under section 6015, are excluded from the definition of a "seriously delinquent tax debt." I.R.C. § 7345(b)(2).[8] If a certification "is found to be erroneous or if the debt with respect to such certification is fully satisfied [or has become legally unenforceable]," the Commissioner must reverse his certification and notify the Secretary of State and the individual. I.R.C. § 7345(c) and (d).

Section 7345(e)(1) permits an individual whom the Commissioner has certified as having a seriously delinquent tax debt to petition this Court to determine "whether the certification was erroneous or whether the Commissioner has failed to reverse the certification." Section 7345(e)(2) restricts the relief that we may grant. If we determine that a certification is erroneous, we can grant only one remedy: an order that the Commissioner "notify the Secretary of State that such certification is erroneous." I.R.C. § 7345(e)(2). Section 7345 does not authorize us to grant any other form of relief. *Adams v. Commissioner*, No. 1527-21P, 160 T.C., slip op. at 8 (Jan. 24, 2023). Consequently, if an individual owing a seriously delinquent tax debt has already obtained a reversal of their certification, the passport claim is then moot because we can provide no other remedy. They have obtained all of the relief they are statutorily entitled to and that we could grant.

C.     *Mootness*

In the case at bar the Commissioner certified Mr. Mellon to the Secretary of State as an individual owing a seriously delinquent tax debt. Mr. Mellon, believing that certification to be erroneous, petitioned this Court for review. The Commissioner then withdrew the July 2019 NFTL and filed a new NFTL against him (i.e., the February 2021

---

[7] The adjusted threshold amount for 2019, the year of Mr. Mellon's certification, was \$52,000. *See* Rev. Proc. 2018-57, § 3.59, 2018-49 I.R.B. 827, 838.

[8] Aside from these two statutory exclusions, the IRS has also promulgated discretionary exceptions to the definition of a seriously delinquent tax debt. *See Garcia*, 157 T.C. at 7. These discretionary exceptions are inapplicable here, so we will not discuss them further.

[*8] NFTL). That NFTL refiling gave Mr. Mellon the right to request a CDP hearing, which he timely exercised on or about March 25, 2021. *See* I.R.C. § 6320(b). As we noted in the previous section, one of the requirements for a federal tax liability to constitute a "seriously delinquent tax debt" is that the liability must have been subject to a completed levy or an NFTL for which all administrative rights have been exhausted or lapsed. *See* I.R.C. § 7345(b)(1)(C). Mr. Mellon's tax debt for the section 6038 penalties failed to meet that requirement; his liability was never subject to a levy, and he timely requested a section 6320 CDP hearing with respect to the February 2021 NFTL, meaning that his administrative rights under that NFTL filing had not been exhausted or lapsed. As a result, he did not meet the criteria of a person owing a "seriously delinquent tax debt." The Commissioner was then statutorily mandated to reverse Mr. Mellon's erroneous certification, which he did and so notified the Secretary of State. *See* I.R.C. § 7345(c)(1). Consequently, Mr. Mellon has received all of the relief he is statutorily entitled to and that we could grant under section 7345. His section 7345 passport claim is therefore moot. *See Ruesch v. Commissioner*, 25 F.4th at 71; *Garcia*, 157 T.C. at 8–9; *Ruesch*, 154 T.C. at 298–99.[9]

Mr. Mellon advances four arguments, which he labels "Points" in his Objection to the Mootness Motion, in support of a contrary conclusion. We summarize his Points below and consider them in turn.

1. *Point I: Reversal of the Certification Is Not the Only Remedy; the Court Must Conduct a "Meaningful Review."*

Mr. Mellon urges this Court to conduct a "meaningful review," which includes reviewing a taxpayer's underlying liability in instances where the taxpayer did not have a prior opportunity to contest it. He analogizes section 7345 to sections 6320 and 6330. Under those sections, we may consider a taxpayer's underlying liability if the taxpayer (1) did not have a prior opportunity to challenge it and (2) properly raised the liability at their CDP hearing. *See* I.R.C. §§ 6320(c), 6330(c)(2)(B); *Giamelli v. Commissioner*, 129 T.C. 107, 114 (2007). Similarly, he

---

[9] We recognize that we dismissed Ms. Ruesch's liability claims in *Ruesch* for lack of jurisdiction and that the Second Circuit on appeal directed us to instead dismiss those claims as moot. Consistent with the view of the Second Circuit and with our analysis herein, we conclude that Mr. Mellon's section 7345 passport claim is moot in full and will dismiss it accordingly, leaving us nothing further to decide under section 7345.

[*9] contends that our review under section 7345(e) should include a review of a taxpayer's underlying liability if the taxpayer did not otherwise have a prior opportunity to contest it.

We are not persuaded. Section 7345 is starkly different from sections 6320 and 6330. Congress, in enacting sections 6320 and 6330, explicitly authorized this Court to consider a taxpayer's underlying liability in instances where the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability" and properly placed the liability at issue at their CDP hearing. I.R.C. § 6330(c)(2)(B); *Giamelli*, 129 T.C. at 114. Congress did not include such authorization in the text of section 7345. *See Adams*, 160 T.C., slip op. at 12–13. Section 7345 does not permit taxpayers to challenge, in a passport case such as this one, the assessed tax liabilities that triggered their certification. *Ezekwo v. Commissioner*, T.C. Memo. 2022-54, at *6; *see also Adams*, 160 T.C., slip op. at 12–13 (citing *Ruesch*, 154 T.C. at 295–98) (readopting our holding in *Ruesch* to this effect). As we have already noted, the *only* relief we are authorized to grant in passport cases is to order the Commissioner "to notify the Secretary of State that such certification was erroneous." I.R.C. § 7345(e)(2); *Garcia*, 157 T.C. at 7; *Shitrit*, T.C. Memo. 2021-63, at *6. Here, the Commissioner has notified the Secretary of State that he reversed Mr. Mellon's certification as an individual with a seriously delinquent tax debt. That action renders Mr. Mellon's section 7345 passport claim moot in all respects.

2.      *Point II: A Live Case or Controversy Still Exists.*

Mr. Mellon next argues that there remains a live case or controversy because his liability for the section 6038 penalties has not been abated and an NFTL remains in place. He asserts that this Court needs to resolve this matter in its entirety; otherwise, the same litigation is likely to recur. He believes that had the Commissioner intended for this matter to be moot, he would have abated the section 6038 penalties and not refiled the NFTL.

In support of this argument, Mr. Mellon relies on the voluntary cessation exception to mootness, *see Davis*, 440 U.S. at 631, and our analysis of that exception in *Vigon v. Commissioner*, 149 T.C. 97 (2017). His reliance on this exception, however, is misplaced.

"The rationale supporting the defendant's voluntary cessation as an exception to mootness is that, while the defendant's unilateral

**[\*10]** cessation of the challenged conduct may grant the plaintiff relief, the defendant is 'free to return to [its] old ways'—thereby subjecting the plaintiff to the same harm but, at the same time, avoiding judicial review." *Qassim v. Bush*, 466 F.3d 1073, 1075 (D.C. Cir. 2006) (alteration in original). In evaluating whether this exception applies, we ask (1) whether there is no reasonable expectation that the alleged violation will recur and (2) whether interim relief or events have completely eradicated the effects of the alleged violation. *Davis*, 440 U.S. at 631. "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Id.*

With respect to the first condition, Mr. Mellon's challenge to his liability for the section 6038 penalties is now pending with the IRS Appeals Office. The Commissioner is barred from recertifying Mr. Mellon as a person with a seriously delinquent tax debt during the pendency of that CDP proceeding until his administrative rights have been exhausted. *See* I.R.C. § 7345(b)(1)(C)(i). At the conclusion of that CDP proceeding, either the IRS Appeals Office will determine Mr. Mellon to have no liability for the section 6038 penalties, in which case the Commissioner cannot recertify him under section 7345, or the IRS Appeals Office will determine him to be liable for the section 6038 penalties, in which case it would not be a "violation" for the Commissioner to recertify him, assuming that the other requirements for a seriously delinquent tax debt are then met. *See* I.R.C. § 7345(b). Any future violation, should it occur, would not escape judicial review. In other words, if the Commissioner does recertify Mr. Mellon, he will be free to seek review of that recertification in this Court at that time. Thus, there is no reasonable expectation that the Commissioner will erroneously recertify Mr. Mellon (at least not without the availability of judicial review).

With respect to the second condition, after Mr. Mellon requested a CDP hearing, the Commissioner reversed his certification and so notified the Secretary of State. In so doing, the Commissioner completely eradicated the effects of the certification, which is the violation that Mr. Mellon alleged with respect to his passport claim. We thus find that "interim relief or events have completely and irrevocably eradicated the effects" of Mr. Mellon's certification to the Secretary of State. *See Davis*, 440 U.S. at 631. Accordingly, the voluntary cessation exception to mootness does not give Mr. Mellon any safe harbor from a determination that his passport claim is moot. *See Ruesch v. Commissioner*, 25 F.4th at 70–71; *Ruesch*, 154 T.C. at 299–302.

**[\*11]** Furthermore, as was similarly true in *Ruesch*, 154 T.C. at 301–02, Mr. Mellon errs in relying on *Vigon*. *Vigon* was a CDP case where the Commissioner had assessed penalties under section 6702 and filed a notice of federal tax lien; the taxpayer then requested a CDP hearing and challenged his underlying liabilities at that CDP hearing, which culminated with the IRS Appeals Office's issuing the taxpayer a notice of determination sustaining the NFTL filing. *Vigon*, 149 T.C. at 98–99. The Commissioner subsequently abated the penalties, released the lien, and filed a motion to dismiss the case as moot. *Id.* at 100–01. We held that the case was not moot because section 6702 penalties have no period of limitations, and the Commissioner could reassess those same penalties at any time. Moreover, judicial review would be lost in such event because section 6320(b)(2) provides that a taxpayer "shall be entitled to only one [CDP] hearing . . . with respect to the taxable period." *See Vigon*, 149 T.C. at 108–12. Section 7345 does not have a provision comparable to section 6320(b)(2). Thus, this idiosyncrasy of CDP litigation does not exist here.

As we explained above, there are no instances where the Commissioner's recertification of Mr. Mellon as a person with a seriously delinquent tax debt would preclude judicial review of that recertification. He will be perfectly free to seek judicial review of any future certification if and when it should occur. The dismissal of his passport claim as moot is therefore appropriate.

3.    *Point III: The Court Has Jurisdiction to Determine the Basis for the Reversal of the Certification.*

Mr. Mellon next argues that "if reversal of [the] certification is the only relief allowed under section 7345(e), then this Court is able to determine the basis for reversal." He asserts that we "should look beyond the certification and determine the proper basis for the [reversal of the] certification." He relies on *Buffano v. Commissioner*, T.C. Memo. 2007-32, 2007 Tax Ct. Memo LEXIS 35, and *Kennedy v. Commissioner*, T.C. Memo. 2008-33, in support of this argument. Neither case is applicable here.

*Buffano*, 2007 Tax Ct. Memo. LEXIS 35, at \*2–6, was a CDP case where the Commissioner had not mailed a notice of intent to levy to the taxpayer's last known address. We found that the notice was invalid because such mailing procedure was required under section 6330(a)(2)(C). *Buffano*, 2007 Tax Ct. Memo LEXIS 35, at \*9–10. That

**[\*12]** finding led us to hold that we did not have jurisdiction over the case. *Id.* at \*15. *Kennedy* bore a similar fact pattern and holding.

A crucial distinction between *Buffano* and *Kennedy* and this case is that, in the former cases, the IRS did not take any remedial action with respect to the invalid notices. Here, the Commissioner reversed the invalid certification, an action which presents a question of mootness rather than jurisdiction. Again, Mr. Mellon has received all of the relief he is statutorily entitled to and that we could grant; his passport claim is moot, and we can do nothing further.

4. *Point IV: If the Case Is Dismissed as Moot, the Court Must Address Each of Five Reasons Why It Is Moot.*

Mr. Mellon invites us, in the event we dismiss his passport claim as moot, to deem it moot because he did not have a seriously delinquent tax debt under one of the five following alternatives:

1. A seriously delinquent tax debt "does not include penalties or interest";

2. "There was no 'seriously delinquent tax debt' because section 6038 penalties are not summarily assessable penalties";[10]

3. "Petitioner did not have a legally enforceable Federal tax liability because [the Commissioner] did not satisfy his supervisorial approval requirement under section 6751";

4. "[The Commissioner's] tax lien was improper because the conditions precedent for a Federal tax lien [filing] were not satisfied"; or

5. "There was no legally enforceable Federal tax liability because the statute of limitations to assess the section 6038 penalties had lapsed."

We decline Mr. Mellon's invitation. Our holding that his passport claim is moot obviates the need for us to decide additional claims

---

[10] Mr. Mellon advances this argument in his Objections to both the Mootness and Jurisdictional Motions. As to mootness, we need not address this argument because his passport claim is moot. As to jurisdiction, we address this argument *infra* pp. 14–15.

[*13] pursuant to our jurisdiction under section 7345. Mr. Mellon would have us determine issues unnecessary to the resolution of the Mootness Motion before us. "For us to undertake to resolve issues that would not affect the disposition of [Mr. Mellon's passport claim] would, at best, amount to rendering an advisory opinion. This we decline to do." *See Greene-Thapedi v. Commissioner*, 126 T.C. 1, 13 (2006) (citing *LTV Corp. v. Commissioner*, 64 T.C. 589, 595 (1975)).

## III. *Motion to Dismiss for Lack of Jurisdiction*

Independent of our jurisdiction under section 7345, Mr. Mellon seeks to invoke our jurisdiction (1) under section 6213(a) to review the propriety of the assessment the IRS made under section 6038; (2) to review a CDP determination sustaining an NFTL filing under sections 6320(c) and 6330(d)(1); and (3) to determine whether the Commissioner complied with section 6751(b)(1) in assessing the section 6038 penalties against him.[11] The Commissioner contends that we do not have jurisdiction under any of these provisions and should dismiss Mr. Mellon's claims for lack of jurisdiction insofar as they relate to those Code sections. We consider each of Mr. Mellon's three remaining challenges in turn.

### A. *General Principles*

We are a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *See* I.R.C. § 7442; *Willson v. Commissioner*, 805 F.3d 316, 319–20 (D.C. Cir. 2015); *Guralnik v. Commissioner*, 146 T.C. 230, 235 (2016). We are "without authority to enlarge upon that statutory grant." *McCrory v. Commissioner*, 156 T.C. 90, 93 (2021) (citing *Phillips Petroleum Co. & Affiliated Subs. v. Commissioner*, 92 T.C. 885, 888 (1989)). The party seeking to invoke our jurisdiction must affirmatively show that we have jurisdiction. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *Romann v. Commissioner*, 111 T.C. 273, 280 (1998); *Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975). To meet this burden, the party "must establish affirmatively all facts giving rise to our jurisdiction." *David Dung Le, M.D., Inc.*, 114 T.C. at 270.

---

[11] As we noted *supra* note 2, Mr. Mellon also sought to invoke our jurisdiction over interest abatement claims under section 6404(h)(1), but we do not discuss it here because he abandoned that cause of action.

**[\*14]  B.**     *Section 6213—Deficiency Jurisdiction*

Mr. Mellon contends that section 6213(a) gives the Court jurisdiction to review the propriety of the section 6038 penalty assessments.  He asserts that the Commissioner was required either to issue a notice of deficiency before assessing the section 6038 penalties or to first reduce that assessment to judgment.  The parties agree that the Commissioner took neither of those actions here.

We recently addressed a similar issue, in the context of a section 6330 CDP proceeding, in which we determined whether the Commissioner has the authority to assess section 6038 penalties, summarily or otherwise.  *See Farhy v. Commissioner*, No. 10647-21L, 160 T.C. (Apr. 3, 2023).  We held that section 6038 penalties are not assessable (absent judgment) because Congress, unlike for myriad other penalties in the Code, did not explicitly grant the Commissioner assessment authority for those penalties.  *See Farhy*, 160 T.C., slip op. at 7–8.

Our Court's jurisdiction under section 6213(a) is predicated on the issuance and mailing of a notice of deficiency as outlined in section 6212(a).  The record here does not contain such a notice of deficiency relating to the section 6038 penalties, nor does Mr. Mellon assert that there is any such notice of deficiency.  Accordingly, we do not have jurisdiction under section 6213(a) in this case.

C.     *Sections 6320 and 6330—CDP Lien Jurisdiction*

In a CDP case our jurisdiction depends on the issuance of "a written notice embodying a determination to proceed with the collection of taxes in issue, and a . . . petition [relating thereto]."  *Atl. Pac. Mgmt. Grp., LLC v. Commissioner*, 152 T.C. 330, 333 (2019) (citing *Lunsford v. Commissioner*, 117 T.C. 159, 164 (2001)).[12]  If no written determination is issued, its absence is grounds for dismissal of the petition insofar as it relates to claims under section 6320 or 6330.  *See LG Kendrick, LLC v. Commissioner*, 146 T.C. 17, 28 (2016) (citing *Offiler v. Commissioner*, 114 T.C. 492, 498 (2000)), *aff'd*, 684 F. App'x 744 (10th Cir. 2017).

---

[12] While we historically have held that a taxpayer must timely file a petition in order to invoke our CDP jurisdiction, the Supreme Court has recently held to the contrary.  *See Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493, 1501 (2022) ("Section 6330(d)(1)'s 30-day time limit to file a petition for review of a collection due process determination is an ordinary, nonjurisdictional deadline subject to equitable tolling.").

**[\*15]** In the present case there is no notice of determination that could confer on us jurisdiction under sections 6320(c) and 6330(d)(1). As to the July 2019 lien notice, Mr. Mellon did not request a CDP hearing and, likewise, the Commissioner never issued him a written notice of determination. As to the February 2021 lien notice, he timely requested a CDP hearing, but the hearing has not yet occurred and the IRS Appeals Office has yet to issue him a written notice of determination, making any action related to the February 2021 lien notice premature.

Mr. Mellon makes the convoluted argument that "the passport certification constitutes a notice of determination." He has not provided us with any legal basis on which to so hold, and we can find none. As we have already explained *supra* p. 9, section 7345 is starkly different from sections 6320 and 6330. The certification notice is not a written notice of determination for purposes of the CDP provisions.

Mr. Mellon asserts, in the alternative, that the Commissioner's failure to send the July 2019 lien notice to his last known address requires abatement of his section 6038 penalties. *See* I.R.C. § 6320(a)(2)(C) (requiring that a lien notice be "sent by certified or registered mail to [the taxpayer's] last known address"). His contention is an incorrect reading of section 6320. If the IRS fails to comply with section 6320(a)(2)(C), the result is an invalid NFTL, but that would not necessarily require an abatement of the underlying liability. Further, as previously noted *supra* pp. 7–8, the July 2019 NFTL has been withdrawn, and Mr. Mellon's challenge to the February 2021 NFTL is pending before the IRS Appeals Office.[13]

### D. *Section 6751(b)*

Mr. Mellon, in his Objection to the Jurisdictional Motion, contends that our passport jurisdiction under section 7345(e)(1) includes jurisdiction "to determine whether [the Commissioner] satisfied the conditions precedent to certifying the debt as [a] 'seriously delinquent tax debt,' including whether [the Commissioner] complied with section 6751(b)." Section 6751(b), titled "Approval Of Assessment," requires that "[n]o penalty under [the Code] shall be assessed unless the initial

---

[13] Given our recent opinion in *Farhy*, 160 T.C., slip op. at 7–9, the probability that Mr. Mellon's challenge will culminate with the IRS Appeals Office issuing him an adverse determination with respect to the section 6038 liabilities and the concomitant February 2021 lien may be small. But should he receive an adverse determination, he will then have an opportunity to petition this Court for review of that notice of determination. *See* I.R.C. §§ 6320(c), 6330(d)(1).

[*16] determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate."

We need not address this challenge in much detail. In the same Objection to the Jurisdictional Motion, Mr. Mellon acknowledged that section 6751(b) does not confer independent jurisdiction on this Court. Since his passport claim is moot, his challenge under section 6751(b) is moot as well for the reasons we discussed *supra* pp. 6–13.

## IV.  *Conclusion*

Mr. Mellon filed a Petition invoking our section 7345 jurisdiction and also aiming to invoke jurisdiction to decide controversies under various other Code provisions. The Commissioner withdrew the July 2019 NFTL, reversed the certification of Mr. Mellon as an individual with a seriously delinquent tax debt, and so notified the Secretary of State. Following that certification reversal, the Commissioner moved to dismiss Mr. Mellon's passport claim as moot and to dismiss his other claims for lack of jurisdiction. We find that Mr. Mellon properly invoked our jurisdiction under section 7345(e)(1). However, the Commissioner's reversal of his certification rendered the passport claim moot, and Mr. Mellon's arguments to the contrary are unavailing. We will thus dismiss his section 7345 claim and related claims under section 6751 as moot.

Mr. Mellon's efforts to invoke our jurisdiction to review his other claims are also unavailing. We will therefore dismiss all his other challenges for lack of jurisdiction.

In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not addressed herein, we find them moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order will be entered.*